IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SARAH C. WHITE, Individually and as Special Administrator of THE ESTATE OF STEFAN BOURNAKEL, Deceased, and as Next Friend of NICOS ROBERT BOURNAKEL, a minor,<br><br>        Plaintiff,<br><br>v.<br><br>CAROL ANN SABATINO, BOB'S MAUI DIVE SHOP, INC. dba MAUI DIVE SHOP, a Hawaii Corporation; 3090 INCORPORATED, a Hawaii Corporation; RONALD E. WALLACH; JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; DOE ASSOCIATES 1-20; DOE GOVERNMENTAL AGENCIES 1-20; and OTHER ENTITIES 1-20,<br><br>        IN PERSONAM<br><br>and M/V ALII NUI O.N. 567359<br><br>        IN REM<br><br>        Defendants.<br>_____<br><br>RONALD E. WALLACH,<br><br>        Cross-Claimant,<br><br>v.<br><br>CAROL ANN SABATINO, BOB'S MAUI DIVE SHOP, INC. dba MAUI DIVE SHOP, a Hawaii Corporation; | Civ. No. 04-00500 ACK/LEK<br>Civ. No. 05-00025 ACK/LEK |

```
and 3090 INCORPORATED, a        )   Civ. No. 04-00500 ACK/LEK
Hawaii Corporation,             )   Civ. No. 05-00025 ACK/LEK
                                )
          Cross-Defendants.     )
_____ )
                                )
IN THE MATTER OF THE COMPLAINT  )
OF 3090, INCORPORATED, a        )
Hawaii Corporation as owners    )
of the M/V ALII NUI O.N.        )
567359, FOR EXONERATION FROM    )
AND/OR LIMITATION OF            )
LIABILITY.                      )
_____ )
```

## ORDER DENYING LIMITATION PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### BACKGROUND

The Court issued an Order Denying Defendant Ronald Wallach's Motion for Summary Judgment; Denying Limitation Plaintiff 3090, Incorporated's Claim that Plaintiff Lacks Standing to File a Motion for Partial Summary Judgment; and Granting Plaintiff Sarah White's Motion for Partial Summary Judgment on February 9, 2006 ("Feb. 9 Order"). The Order outlines the factual and procedural history in this case up to that point and does not need to be repeated here. The Court incorporates the Feb. 9 Order by reference.

On February 17, 2006 Defendant, Cross-Defendant, and Limitation Plaintiff, 3090, Incorporated ("3090, Inc." or "Limitation Plaintiff") filed a Motion for Reconsideration of

Order Granting Plaintiff's Motion for Partial Summary Judgment ("Motion for Reconsideration").  On February 20, 2006, Limitation Plaintiff also filed an Addendum to Memorandum in Support to the Motion for Reconsideration ("Addendum").  Sarah White ("Plaintiff") filed her Opposition to 3090, Inc.'s Motion for Reconsideration on February 27, 2006 ("Plaintiff's Opposition").  3090, Inc. filed its Reply to Plaintiff's Opposition on March 2, 2006 ("Limitation Plaintiff's Reply").  Defendant and Cross-Claimant Ronald Wallach ("Wallach") filed a Joinder to Plaintiff's Opposition on March 3, 2006.

## **STANDARD**

A party may ask the court to reconsider and amend a previous order pursuant to Federal Rule of Civil Procedure 59(e).  <u>Reliance Insurance Company v. The Doctors Company</u>, 299 F. Supp. 2d 1131, 1153 (D. Haw. 2004).  FRCP 59(e) offers "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  <u>Reliance</u>, 299 F. Supp. 2d at 1153 (quoting <u>Carroll v. Nakatani</u>, 342 F.3d 934, 945 (9th Cir. 2003).

In the Ninth Circuit a successful motion for reconsideration must accomplish two goals.  First, it must demonstrate some reason why the court should reconsider its prior decision.  <u>Na Mamo O 'Aha 'Ino v. Galiher</u>, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999) (citation omitted).  Second, a motion for

reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Id. Courts have established three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998); Galiher, 60 F. Supp. 2d at 1059; Reliance, 299 F. Supp. 2d at 1153. The District of Hawaii has implemented these standards in Local Rule 60.1.[1] Galiher, 60 F. Supp. 2d at 1059; Reliance, 299 F. Supp. 2d at 1153.

    Mere disagreement with a previous order is an insufficient basis for reconsideration. See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Haw. 1988). Furthermore, a FRCP 59(e) motion for reconsideration may not present evidence or raise legal arguments that could have been presented at the time

---

[1] Local Rule 60.1 provides that:

> Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
>    (a)  Discovery of new material facts not previously available;
>    (b)  Intervening change in law;
>    (c)  Manifest error of law or fact.
> Motions asserted under Subsection (c) of this rule must be filed not more than ten (10) business days after the court's written order is filed.

Local R. 60.1 (2003) (Motions for Reconsideration).

of the challenged decision.  See Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enterprises, 229 F.3d at 883).

## DISCUSSION

Limitation Plaintiff contends that the Court's Feb. 9 Order Granting Partial Summary Judgment for Plaintiff must be reconsidered pursuant to FRCP 59(e) to prevent manifest injustice.  (Limitation Plaintiff's Reply at 4).  Limitation Plaintiff contends that the Court's interpretation of the Rules Governing the Sale and Manufacture of Liquor for the County of Maui § 08-101-69(a)[2] ("Maui Rule") is inconsistent with the

---

[2]   The Rule states:

> a. No licensee of any premises licensed to sell liquor for consumption on the premises shall:
>
> 1.[s]ell, advertise, or offer to sell "all the liquor you can drink" for a fixed price...;
>
> 2. [s]erve an unlimited amount of liquor during a set period of time for a fixed price, provided this provision does not apply to class 2 and class 12 licensees, when such function is not open to the general public, and for which a hosted bar is utilized such as weddings, private parties, and fundraising functions, or where liquor may be inclusive with champagne brunch or luaus....

Rules Governing the Sale and Manufacture of Liquor for the County of Maui § 08-101-69(a)(1-2).

intent of the Rule.  (Motion for Reconsideration at 10).
Limitation Plaintiff concedes that the Court followed the literal
construction of the Maui Rule, but argues that the literal
construction leads to manifest injustice.  Id.  Limitation
Plaintiff provides affidavits from the Director of the Department
of Liquor Control for the County of Maui, Franklyn L. Silva, and
the Deputy Director of the Department of Liquor Control for the
County of Maui, Wayne M. Pagan, to support its contention.  These
affidavits were not provided in Limitation Plaintiff's original
objection to Plaintiff's Motion for Partial Summary Judgment, and
Limitation Plaintiff does not allege that these affidavits are
new evidence which only became available after the hearing.
(Limitation Plaintiff's Reply at 5).

In these affidavits, both officers state "the [Maui
Ordinance] was never intended to apply to vessels which serve
liquor."  (Motion for Reconsideration, Declaration of Wayne Pagan
("Pagan Affidavit") ¶ 4; Limitation Plaintiff's Reply,
Declaration of Franklyn Silva ("Silva Affidavit") ¶ 4).  Silva,
who participated in the promulgation and decision-making process
behind the Maui Rule explains further that "the purpose and
intent of the [Maui Rule] was mainly to address 'happy hours'
where a licensee would offer an unlimited amount of liquor to be
consumed within a certain time period for a fixed price.  While
discussing the [Maui Rule], tour or cruise vessel licenses (Class

9) were never taken into account." Silva Affidavit ¶ 5.

Before considering the substance of Limitation Plaintiff's claim, the Court reviews the appropriateness of the Motion for Reconsideration based on a new argument and evidence that was available before the hearing.

As Limitation Plaintiff has conceded, the affidavits of Silva and Pagan are not new evidence that could not have been discovered earlier. One of Limitation Plaintiff's original defenses against the negligence claim was based on a conversation between Pagan and one of its officers, Jeff Strahn, where Pagan allegedly approved of the alcohol service practices on the Alii Nui.[3] However, as Plaintiff explains, Limitation Plaintiff had more than one month between the filing of Plaintiff's Motion for

---

[3] The Court found the evidence of this conversation to be unpersuasive, reasoning:

> Jeff Strahn, an officer of 3090, Inc. and Vice President of Maui Dive Shop, alleges that an inspector from the Maui County Liquor Commission informed him that "the practice of including liquor within the price of a ticket aboard the vessel" did not violate the Maui County Liquor Rules. Strahn Decl. ¶ 3. Strahn's statement does not provide evidence of permission to sell or serve an "all you can drink" package that 3090, Inc. could have reasonably relied upon. The inspector's comment could be interpreted as authorizing a practice of including the cost of one or two drinks in the cost of a ticket, which is very different from selling an "all you can drink" cruise package. In any event, 3090, Inc.'s reliance on the inspector's statement does not relieve it from any potential liability for violating the scope of the ordinance.

Feb. 9 Order at 44-45.

Partial Summary Judgment and the hearing, but failed to present any affidavits from Pagan or Silva.  Limitation Plaintiff was then able to produce the Pagan Affidavit within eight days of the Court's Feb. 9 Order, and the Silva Affidavit two weeks later.  Thus, Limitation Plaintiff is not relying on previously unavailable evidence, but on additional evidence that was available at the time of the original opposition to the motion.

In addition, Limitation Plaintiff is relying on a new argument to support its defense against negligence for violating the Maui Rule.  Limitation Plaintiff's original defenses to the negligence claim were based on reliance on Pagan's alleged permission and the absence of previous citations for violating the Maui Rule, and an alleged ambiguity in the Maui Rule regarding the application of an exception for champagne brunches or luaus.[4]  Ultimately, the Court was not persuaded that any of

---

[4] The Court summarized Limitation Plaintiff's original three arguments in opposition as follows:

> (1) an inspector from the Maui County Liquor Commission informed Jeff Strahn that "the practice of including liquor within the price of a ticket aboard the vessel" did not violate the Maui County Liquor Rules; (2) the Maui County Liquor Commission has only cited 3090, Inc. for serving an intoxicated individual on February, 13, 2004; and (3) the language of Maui County Liquor Rule § 08-101-69(a)(2) is ambiguous and may contain a "champagne brunch exception" that allows licensees to serve an unlimited amount of alcohol at a champagne brunch or luau.

Feb. 9 Order at 44.

the preceding arguments were valid defenses to negligence. Now, Limitation Plaintiff relies primarily on the intent of the drafters of the Maui Rule to support of its defense.

A FRCP 59(e) motion for reconsideration may not present evidence or raise legal arguments that could have been presented at the time of the challenged decision. Kona Enterprises, 229 F.3d at 890. See also Trentacosta v. Frontier Pacific Aircraft Industries, 813 F.2d 1553, 1557 n. 4 (9th Cir. 1987) (finding that the district court did not abuse its discretion when it refused to consider affidavits filed for the first time in support of a motion for reconsideration when the appellant had no excuse for the lateness of the submissions); Novato Fire Protection District v. United States, 181 F.3d 1135, 1142 n. 6 (9th Cir. 1999); Rosenfeld v. United States Department of Justice, 57 F.3d 803, 811 (9th Cir. 1995); School District NO. 1J, Multnomah County, Oregon v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

In Kona Enterprises, the plaintiffs argued that they had the right to challenge the choice of appropriate state law in a motion for reconsideration, because it was only after the district court's underlying ruling that the choice of law became relevant. 229 F.3d at 890-91. The Ninth Circuit denied this argument stating that the plaintiffs had prior notice that choice of law would be relevant and that the plaintiffs should have

raised their argument in their original objections or at hearings.  Id. at 891.  Having failed to do so, the plaintiffs were barred from challenging choice of law in a motion for reconsideration.

Here, Limitation Plaintiff clearly knew that the interpretation of the rule was critical to the Court's determination of whether it had been negligent.  Limitation Plaintiff offered three arguments in its defense, two based on reliance and one on an alleged ambiguity in the Rule, and the Court ruled against it.  Limitation Plaintiff made no arguments predicated on the drafter's original intent regarding the correct interpretation of the Maui Rule nor offered affidavits to support such an argument.  Therefore, the Court concludes that Limitation Plaintiff's Motion for Reconsideration is based upon insufficient grounds for reconsideration, previously available evidence and a new argument.

Even if the Court did allow Limitation Plaintiff's new argument and supporting affidavits, the Court concludes, contrary to Limitation Plaintiff's contention, that the Feb. 9 Order does not create manifest injustice.

"The starting point in discerning congressional intent is the existing statutory text."  Lamie v. United States Trustee, 540 U.S. 526, 534 (2004) (citing Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 438 (1999).  "When the statute's language is plain,

the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms." Lamie, 540 U.S. at 534 (citations omitted); Camacho v. Bridgeport Financial, Inc., 430 F.3d 1078, 1081 (9th. Cir. 2005). "There is a strong presumption that the plain language of a statute expresses congressional intent, rebutted only in rare and exceptional circumstances, when a contrary legislative intent is clearly expressed." Campbell v. Allied Van Lines, Inc., 410 F.3d 618, 622 (9th Cir. 2005) (quoting United States v. Tobeler, 311 F.3d 1201, 1203 (9th Cir. 2002); Middle Mountain Land & Produce, Inc. v. Sound Commodities, Inc., 307 F.3d 1220, 1223 (9th Cir. 2002). However, "if Congress enacted into law something different from what it intended, then it should amend the statute to conform it to its intent," and a Court should not rescue the drafters from their errors. Lamie, 540 U.S. at 542 (quoting United States v. Granderson, 511 U.S. 39, 68 (1994) (concurring opinion).

Even when a rule is awkward or ungrammatical, that does not make the rule ambiguous on a particular issue. See Lamie, 540 U.S. at 534. In the Feb. 9 Order, the Court concluded that Maui Rule § 08-101-69(a)(2) plainly provides limited exceptions to the prohibition on serving unlimited alcohol for a fixed price for a set period of time. See Feb. 9 Order at 46, 47. These exceptions clearly apply to Class 2 and Class 12 licensees during

11

specific functions such as a champagne brunch or luau.  There is no reason to extend the exception to other classes when the rule itself identifies the specific classes to which the exception applies.  In addition, there are no exceptions to Maui Rule § 08-101-69(a)(1).  The affidavits of Pagan and Silva are completely contradictory to the plain language of the Maui Ordinance.[5]

Perhaps if Pagan or Silva's proffered interpretation of the Maui Rule provided some reasonable justification for their position the Court would consider whether this situation was one of the rare and extraordinary circumstances where the plain language should be ignored.  However, following the Department's proffered interpretation would lead to an illogical result that contradicts the stated general purposes of the Maui Liquor Rules: "The rules of the commission shall be construed to secure a reasonable balance between the protection of the public health, safety, and welfare, and the prudent exercise of liquor licensees' privilege to sell and manufacture liquor in the County of Maui...."  Rules Governing the Sale and Manufacture of Liquor for the County of Maui § 08-101-4.

Moreover, the Department Directors' interpretation of the rule would lead to an absurd result: a tavern with a Class 2 license located on or near a pier would be prohibited from

---

[5] The Court notes that the affidavits of Director Silva and Deputy Director Pagan are consistent with the Department's lack of enforcement of the plain language of Maui Rule § 08-101-69(a).

12

serving unlimited alcohol to the public for a fixed price over a set period of time during a "happy hour", but a vessel with a Class 9 license operating a two hour "booze cruise"[6] just outside the port that departs from and returns to that same pier, would be entitled to do so. The Court concludes that this result is unreasonable and unnecessarily creates grave risks for the general public that the Maui County Liquor Rules are designed to prevent.

The Court concludes that its interpretation of the Maui Rule relies on the plain language of the ordinance, complies with the general intent of the Maui County Liquor Rules, and creates no manifest injustice.

Finally, Limitation Plaintiff submitted an Addendum to its Motion for Reconsideration asserting that if an act of negligence occurred, the act of negligence was outside its privity or knowledge.[7] Once again, as clearly expressed in the

---

[6] "Booze Cruise" is a common slang term used to describe a boat excursion where passengers may partake in unlimited alcohol as they cruise outside a harbor for a couple of hours. A basic internet search of "Booze Cruise Maui" reveals numerous offers and customer reviews of such cruises available off the shores of Maui. Variations of the booze cruise offer an extended duration, charge an independent fee for drinks, and/or include food.

[7] If the claimant can establish that an act of negligence occurred in an attempt to repeal the limitation of liability pursuant to 46 U.S.C. § 83(a), then the burden shifts to the shipowner to prove the "act or condition was outside its privity or knowledge." In re Bowfin M/V v. International Specialty, Inc., 339 F.3d 1137, 1137 (9th Cir. 2003).

Court's Feb. 9 Order, Limitation Plaintiff made no argument to this effect at the summary judgment stage of the proceedings.  As discussed previously, it is improper to present a new argument in a motion for reconsideration.  Even if the Court were to permit Limitation Plaintiff's argument, the Court concluded that sufficient privity and knowledge existed between the negligent act and Limitation Plaintiff.  See Feb. 9 Order at 51-53.  Limitation Plaintiff's argument based on reliance does not change that conclusion.

## CONCLUSION

For the foregoing reasons, the Court DENIES Limitation Plaintiff's Motion for Reconsideration of Order Granting Plaintiff's Motion for Partial Summary Judgment.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 23, 2006.



_____
Alan C. Kay
Sr. United States District Judge


White v. Sabatino, Civ. No. 04-00500 ACK/KSC; Civ. No. 05-00025 ACK/LEK, ORDER DENYING LIMITATION PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT