IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| SARAH C. WHITE, ETC., | ) | CIVIL NO. 04-00500 ACK-LEK |
| Plaintiff, | ) | |
| vs. | ) | |
| CAROL ANN SABATINO, ET AL., | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT'S PETITION
FOR DETERMINATION OF GOOD FAITH SETTLEMENT**

Before the Court is the Petition for Determination of Good Faith Settlement ("Petition"), filed by Defendant Bob's Maui Dive Shop, doing business as Maui Dive Shop ("Defendant Maui Dive") on November 16, 2006.  On December 1, 2006, Defendants Franklyn L. Silva and Wayne M. Pagan, in their individual capacities, filed objections to the Petition on their behalf and on behalf of Defendant County of Maui and Defendants Silva and Pagan, in their official capacities (all collectively "County Defendants").  Defendant 3090, Incorporated ("Defendant 3090") filed an opposition to the Petition on December 4, 2006. Defendant Maui Dive filed its reply on December 8, 2006.  This matter came on for hearing on December 19, 2006.  Appearing on behalf of Plaintiff Sarah C. White, Individually and as Special Administrator of the Estate of Stefan C. Bournakel, Deceased, and as Next Friend of Nicos Robert Bournakel, a minor, ("Plaintiff") was Michael Jay Green, Esq., and Denise Hevicon, Esq.

David Gruebner, Esq., appeared on behalf of Defendant Maui Dive. Richard Lesser, Esq., and Steven M. McGuire, Esq., appeared by telephone on behalf of Defendant 3090. Madelyn D'Enbeau, Esq., appeared on behalf of County Defendants.

At the hearing, this Court instructed counsel for Defendant Maui Dive to disclose the settlement amount to all counsel. The Court stated that any party having specific objections to the amount of the settlement could file their objections by December 29, 2006. County Defendants filed their Supplemental Objections on December 27, 2006. After careful consideration of the Petition, supporting and opposing documents, and the arguments of counsel, Defendant Maui Dive's Petition is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

The instant case arises out of a February 13, 2004 automobile accident in which a car driven by Defendant Carol Ann Sabatino collided with a car driven by Stefan Bournakel, who died as a result of the collision. Prior to the accident, Defendant Sabatino took a cruise on the Alii Nui, where she allegedly became intoxicated after being over-served with alcoholic beverages. At the present time, the remaining defendants are: Defendant 3090, which owns and operates the Alii Nui; Defendant Maui Dive, which wholly owns Defendant 3090; and County Defendants, whose alleged failure to enforce Maui County Liquor

Commission rules contributed to the over-service of alcohol on the Alii Nui.[1]

Plaintiff and Defendant Maui Dive have agreed to a confidential settlement of Plaintiff's claims against Defendant Maui Dive.  Defendant Maui Dive filed the instant Petition pursuant to Hawai`i Revised Statutes § 663-15.5, seeking a determination that the settlement was in good faith under the circumstances of this case.  Defendant Maui Dive also states that the settlement was reached at arms' length, was not collusive, and was not aimed at injuring Defendant 3090 or any other party.  The settlement allows Defendant Maui Dive to avoid the burden of litigating the case and allows both Defendant Maui Dive and Plaintiff to avoid the risk of an adverse result.  Further, the settlement reflects the complexity of the issues, the damages involved, the disputed nature of the claims, and the anticipated litigation costs.  Defendant Maui Dive notes that it has vigorously denied liability throughout the case and was prepared to file a motion for summary judgment.  Finally, Defendant Maui Dive asserts that the settlement amount is significant.

---

[1] Pursuant to a settlement agreement, Plaintiff stipulated to dismiss all claims against Defendant Sabatino with prejudice. The district court granted Defendant Ronald E. Wallach's Second Motion for Summary Judgment on July 31, 2006.  Defendant Wallach was on the cruise with Defendant Sabatino and allegedly was her designated driver.

In its opposition, Defendant 3090 states that it "does not object to [Defendant Maui Dive's] settlement in principle." [3090 Opp. at 2.]  Defendant 3090, however, argues that § 663-15.5 does not apply because Plaintiff brought the instant action pursuant to maritime jurisdiction.  To the extent that Plaintiff alleges both admiralty and state law claims, state law only applies where it is not inconsistent with important features of maritime law.  Defendant 3090 contends that the principles articulated in McDermott, Inc. v. AmClyde, 511 U.S. 202 (1994), should apply to any settlements reached in this case.

In their objections, County Defendants,[2] argue that they do not have sufficient information about the litigation thus far and the terms of the settlement to adequately respond to the Petition.  In addition, they argue that granting the Petition would be prejudicial to them because Defendant 3090 and County Defendants would be the only remaining defendants and County Defendants are at a great disadvantage because of their recent entry in the case.

County Defendants argue that the Court should not approve the settlement because they suspect collusion between

---

[2] At the time Defendant Maui Dive filed the Petition, Defendants County of Maui and Silva and Pagan, in their official capacities, had not been served with the Verified Fourth Amended Complaint.  They state that, by objecting to the Petition, they do not waive their right to service of process.  [County Obj. at 2.]  County Defendants also assert that there is no admiralty jurisdiction over the claims against them.

Defendant Maui Dive and Defendant 3090.  Defendant Maui Dive owns Defendant 3090, and County Defendants assert that, despite Defendant Maui Dive's contentions to the contrary, Defendant Maui Dive also operates the Alii Nui.  County Defendants believe that Defendant 3090 will continue to litigate the case to Defendant Maui Dive's benefit.

County Defendants contend that the relevant factors under state law weigh against approval of the settlement.  They believe that Plaintiff is demanding millions and, if Defendant 3090 succeeds in limiting its liability to $250,000.00 (the value of the Alii Nui)[3] and Defendant Maui is allowed to settle for a relatively small amount, it "will create a very large gap between the total damages claimed and the available funds for recovery." [County Obj. at 10.]  Thus, they argue that the realistic approximation of damages in this case weighs against approval of the settlement.  County Defendants also state that Plaintiff appears to have a strong case against Defendant Maui Dive and they argue that the relative degree of fault among Defendant Maui Dive/Defendant 3090 and County Defendants weighs against approving the settlement.  County Defendants note that Defendant Maui Dive likely has sufficient insurance coverage to satisfy a judgment against it, even if it is found liable for all of

---

[3] The district court, however, has already ruled that Defendant 3090's liability is not limited to the value of the vessel.

5

Plaintiff's damages.

In its reply, Defendant Maui Dive argues that County Defendants have the burden of showing that the settlement was not in good faith. County Defendants have not pointed to any evidence which establishes that the settlement was collusive. Defendant Maui Dive emphasizes that a good faith determination does not require that the settlement amount approximate the settling party's liability, nor does it require the settling party to provide a basis for the settlement. Defendant Maui Dive reiterates that it is a separate entity from Defendant 3090 and that the settlement was the result of arms' length negotiations.

In response to Defendant 3090's opposition, Defendant Maui Dive argues that the relevant issue is whether the settlement was in good faith. The applicable law regarding the effect of the settlement on the other defendants' liability can be addressed at another time and in another forum.

After learning of the settlement amount, County Defendants maintain that the amount weighs against approval of the settlement. Although they are not privy to any of Plaintiff's settlement demands, County Defendants estimate that her demand is at least $4 million. County Defendants argue that, with Defendant Maui Dive's settlement amount and if Defendant 3090 limits its liability to $250,000, this will leave County Defendants liable for a disproportionate share. County

Defendants argue that there has not been an adequate discussion of whether Defendant Maui Dive can afford to pay a higher judgment or what they potential legal liability is.[4]

## DISCUSSION

### I. Applicable Law

The instant case involves both state law claims and admiralty claims.  Plaintiff's claims against Defendant Maui Dive are state law claims and Defendant has sought a determination of good faith settlement pursuant to state law.  This Court will therefore determine whether the settlement was in good faith pursuant to Hawai`i Revised Statutes § 663-15.5.  The Court acknowledges that the *effect* of settlements on the liability of joint-tortfeasors differs under Hawai`i state law and admiralty law.  Compare Haw. Rev. Stat. § 663-15.5(a)(2) (applying a *pro tanto* credit) with McDermott, Inc. v. AmClyde 511 U.S. 202, 217 (1994) (adopting "proportionate share approach").  At this stage in the litigation, there has been no determination that the defendants are liable to Plaintiff and, if so, what her damages are, and whether the remaining defendants are joint tortfeasors. It is therefore premature to determine how the defendants' liability for Plaintiff's damages should be apportioned.  At this

---

[4] County Defendants also raise other arguments, but, insofar as the Court only allowed the parties to file supplemental objections regarding the amount of the settlement, the Court declines to address them.

time, the Court declines to reach the issue whether state or admiralty law applies. At the appropriate time, the parties may bring a motion to determine the applicable law.

**II.  Determination of Good Faith Settlement**

Under Hawai`i law, a party must petition the court for a hearing on the issue of whether a settlement was made in good faith and must serve notice to all known joint tortfeasors or co-obligors. See Haw. Rev. Stat. § 663-15.5(b). "The petition shall indicate the settling parties and the basis, terms, and settlement amount." Id. Any non-settling party may file an objection and such party bears the burden of proving a lack of good faith. See id.

In Troyer v. Adams, the Hawai`i Supreme Court adopted a "totality of the circumstances" approach for the § 663-15.5 analysis of whether a settlement was made in good faith. See 102 Hawai`i 399, 425, 77 P.3d 83, 109 (2003). The court noted that the statute's legislative intent focused more on "encouraging settlements than ensuring the equitable apportionment of liability." See id. at 426, 77 P.3d at 110. The court therefore rejected California's process of conducting "mini-trials" to determine the parties' probable liability before approving a settlement. See id. at 426-27, 77 P.3d at 110-11. The supreme court stated,

> the trial court may consider the following factors to the extent that they are known at the time of

> settlement: (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Id. at 427, 77 P.3d at 111. These factors are not exhaustive; the court may consider any other relevant factor. See id.

County Defendants' primary objections to the settlement are that: Defendant Maui Dive and Defendant 3090 are essentially the same entity and this suggests collusion in the settlement; and the settlement amount is inadequate. This Court disagrees. The evidence indicates that Defendant Maui Dive and Defendant 3090 are in fact separate entities that have different potential liabilities in this case. County Defendants, who bear the burden of proving that the settlement was not in good faith, have not come forward with any evidence that either Defendant Maui Dive or Plaintiff engaged in improper conduct, or that the settlement was collusive or intended to harm any non-settling defendant. Further, this Court finds that, in light of the nature of Plaintiff's claims against Defendant Maui Dive and Plaintiff's

likelihood of success, the amount of the settlement is reasonable and significant.  In addition, this Court finds that Plaintiff's and Defendant Maui Dive's predicted litigation expenses weigh in favor of approving the settlement.  The Court notes that it is likely that Defendant Maui Dive can afford to pay a higher settlement or judgment and this factor arguably weighs against approving the settlement.

This Court therefore finds that the vast majority of the Troyer factors weigh in favor of a finding that the settlement was in good faith.  There are no other significant factors that warrant consideration in this case.

## **CONCLUSION**

On the basis of the foregoing, Defendant Maui Dive's Petition for Determination of Good Faith Settlement, filed November 16, 2006, is HEREBY GRANTED to the extent that this Court finds that the settlement between Plaintiff and Defendant Maui Dive was entered into in good faith.  The Court reiterates that, at this point, it expresses no opinion on the effect that the settlement will have in the event that the other defendants are found to be liable for Plaintiff's damages.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, January 16, 2007.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**SARAH C. WHITE, ETC. V. CAROL ANN SABATINO, ET AL; CIVIL NO. 04-00500 ACK-LEK; ORDER GRANTING DEFENDANT'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**