IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| SARAH C. WHITE, ETC., | ) | CIVIL NO. 04-00500 ACK-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CAROL ANN SABATINO, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S
PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**

Before the Court is the Petition for Determination of Good Faith Settlement ("Petition"), filed by Defendant Bob's Maui Dive Shop, doing business as Maui Dive Shop ("Defendant Maui Dive") on November 16, 2006.  On December 1, 2006, Defendants Franklyn L. Silva and Wayne M. Pagan, in their individual capacities, filed objections to the Petition on their behalf and on behalf of Defendant County of Maui and Defendants Silva and Pagan, in their official capacities (all collectively "County Defendants").  Defendant 3090, Incorporated ("Defendant 3090") filed an opposition to the Petition on December 4, 2006.  Defendant Maui Dive filed its reply on December 8, 2006.  This matter came on for hearing on December 19, 2006.  Appearing on behalf of Plaintiff Sarah C. White, Individually and as Special Administrator of the Estate of Stefan C. Bournakel, Deceased, and as Next Friend of Nicos Robert Bournakel, a minor, ("Plaintiff") was Michael Jay Green, Esq., and Denise Hevicon, Esq.

David Gruebner, Esq., appeared on behalf of Defendant Maui Dive.

Richard Lesser, Esq., and Steven M. McGuire, Esq., appeared by

telephone on behalf of Defendant 3090.  Madelyn D'Enbeau, Esq.,

appeared on behalf of County Defendants.

At the hearing, this Court instructed counsel for

Defendant Maui Dive to disclose the settlement amount to all

counsel.  The Court stated that any party having specific

objections to the amount of the settlement could file their

objections by December 29, 2006.  County Defendants filed their

Supplemental Objections on December 27, 2006.  Upon careful

consideration of the Petition, supporting and opposing documents,

and the arguments of counsel, the Court HEREBY FINDS and

RECOMMENDS that Defendant Maui Dive's Petition be GRANTED.

Pursuant to the May 7, 2007 EO, the Court withdrew its previous

Order Granting Defendant's Petition for Determination of Good

Faith Settlement.

## BACKGROUND

The instant case arises out of a February 13, 2004

automobile accident in which a car driven by Defendant Carol Ann

Sabatino collided with a car driven by Stefan Bournakel, who died

as a result of the collision.  Prior to the accident, Defendant

Sabatino took a cruise on the Alii Nui, where she allegedly

became intoxicated after being over-served with alcoholic

beverages.  At the present time, the remaining defendants are:

2

Defendant 3090, which owns and operates the Alii Nui; Defendant Maui Dive, which wholly owns Defendant 3090; and County Defendants, whose alleged failure to enforce Maui County Liquor Commission rules contributed to the over-service of alcohol on the Alii Nui.[1]

Plaintiff and Defendant Maui Dive have agreed to a confidential settlement of Plaintiff's claims against Defendant Maui Dive.  Defendant Maui Dive filed the instant Petition pursuant to Hawai`i Revised Statutes § 663-15.5, seeking a determination that the settlement was in good faith under the circumstances of this case.  Defendant Maui Dive also states that the settlement was reached at arms' length, was not collusive, and was not aimed at injuring Defendant 3090 or any other party. The settlement allows Defendant Maui Dive to avoid the burden of litigating the case and allows both Defendant Maui Dive and Plaintiff to avoid the risk of an adverse result.  Further, the settlement reflects the complexity of the issues, the damages involved, the disputed nature of the claims, and the anticipated litigation costs.  Defendant Maui Dive notes that it has vigorously denied liability throughout the case and was prepared

---

[1] Pursuant to a settlement agreement, Plaintiff stipulated to dismiss all claims against Defendant Sabatino with prejudice. The district court granted Defendant Ronald E. Wallach's Second Motion for Summary Judgment on July 31, 2006.  Defendant Wallach was on the cruise with Defendant Sabatino and allegedly was her designated driver.

to file a motion for summary judgment.  Finally, Defendant Maui
Dive asserts that the settlement amount is significant.

        In its opposition, Defendant 3090 states that it "does
not object to [Defendant Maui Dive's] settlement in principle."
[3090 Opp. at 2.]  Defendant 3090, however, argues that § 663–
15.5 does not apply because Plaintiff brought the instant action
pursuant to maritime jurisdiction.  To the extent that Plaintiff
alleges both admiralty and state law claims, state law only
applies where it is not inconsistent with important features of
maritime law.  Defendant 3090 contends that the principles
articulated in McDermott, Inc. v. AmClyde, 511 U.S. 202 (1994),
should apply to any settlements reached in this case.

        In their objections, County Defendants,[2] argue that
they do not have sufficient information about the litigation thus
far and the terms of the settlement to adequately respond to the
Petition.  In addition, they argue that granting the Petition
would be prejudicial to them because Defendant 3090 and County
Defendants would be the only remaining defendants and County
Defendants are at a great disadvantage because of their recent
entry in the case.

------

        [2] At the time Defendant Maui Dive filed the Petition,
Defendants County of Maui and Silva and Pagan, in their official
capacities, had not been served with the Verified Fourth Amended
Complaint.  They state that, by objecting to the Petition, they
do not waive their right to service of process.  [County Obj. at
2.]  County Defendants also assert that there is no admiralty
jurisdiction over the claims against them.

County Defendants argue that the Court should not approve the settlement because they suspect collusion between Defendant Maui Dive and Defendant 3090.  Defendant Maui Dive owns Defendant 3090, and County Defendants assert that, despite Defendant Maui Dive's contentions to the contrary, Defendant Maui Dive also operates the Alii Nui.  County Defendants believe that Defendant 3090 will continue to litigate the case to Defendant Maui Dive's benefit.

County Defendants contend that the relevant factors under state law weigh against approval of the settlement.  They believe that Plaintiff is demanding millions and, if Defendant 3090 succeeds in limiting its liability to $250,000.00 (the value of the Alii Nui)[3] and Defendant Maui is allowed to settle for a relatively small amount, it "will create a very large gap between the total damages claimed and the available funds for recovery." [County Obj. at 10.]  Thus, they argue that the realistic approximation of damages in this case weighs against approval of the settlement.  County Defendants also state that Plaintiff appears to have a strong case against Defendant Maui Dive and they argue that the relative degree of fault among Defendant Maui Dive/Defendant 3090 and County Defendants weighs against approving the settlement.  County Defendants note that Defendant

---

[3] The district court, however, has already ruled that Defendant 3090's liability is not limited to the value of the vessel.

Maui Dive likely has sufficient insurance coverage to satisfy a judgment against it, even if it is found liable for all of Plaintiff's damages.

In its reply, Defendant Maui Dive argues that County Defendants have the burden of showing that the settlement was not in good faith.  County Defendants have not pointed to any evidence which establishes that the settlement was collusive. Defendant Maui Dive emphasizes that a good faith determination does not require that the settlement amount approximate the settling party's liability, nor does it require the settling party to provide a basis for the settlement.  Defendant Maui Dive reiterates that it is a separate entity from Defendant 3090 and that the settlement was the result of arms' length negotiations.

In response to Defendant 3090's opposition, Defendant Maui Dive argues that the relevant issue is whether the settlement was in good faith.  The applicable law regarding the effect of the settlement on the other defendants' liability can be addressed at another time and in another forum.

After learning of the settlement amount, County Defendants maintain that the amount weighs against approval of the settlement.  Although they are not privy to any of Plaintiff's settlement demands, County Defendants estimate that her demand is at least $4 million.  County Defendants argue that, with Defendant Maui Dive's settlement amount and if Defendant

6

3090 limits its liability to $250,000, this will leave County Defendants liable for a disproportionate share. County Defendants argue that there has not been an adequate discussion about whether Defendant Maui Dive can afford to pay a higher judgment or what their potential legal liability is.[4]

**DISCUSSION**

I.   **Applicable Law**

The instant case involves both state law claims and admiralty claims. Plaintiff's claims against Defendant Maui Dive are state law claims and Defendant has sought a determination of good faith settlement pursuant to state law. This Court will therefore determine whether the settlement was in good faith pursuant to Hawai`i Revised Statutes § 663-15.5. The Court acknowledges that the *effect* of settlements on the liability of joint-tortfeasors differs under Hawai`i state law and admiralty law. Compare Haw. Rev. Stat. § 663-15.5(a)(2) (applying a *pro tanto* credit) with McDermott, Inc. v. AmClyde 511 U.S. 202, 217 (1994) (adopting "proportionate share approach"). At this stage in the litigation, there has been no determination that the defendants are liable to Plaintiff and, if so, what her damages are, and whether the remaining defendants are joint tortfeasors.

---

[4] County Defendants also raise other arguments, but, insofar as the Court only allowed the parties to file supplemental objections regarding the amount of the settlement, the Court declines to address them.

It is therefore premature to determine how the defendants' liability for Plaintiff's damages should be apportioned.  At this time, the Court declines to reach the issue whether state or admiralty law applies.  At the appropriate time, the parties may bring a motion to determine the applicable law.

## II.   <u>Determination of Good Faith Settlement</u>

Under Hawai`i law, a party must petition the court for a hearing on the issue of whether a settlement was made in good faith and must serve notice to all known joint tortfeasors or co-obligors.  <u>See</u> Haw. Rev. Stat. § 663-15.5(b).  "The petition shall indicate the settling parties and the basis, terms, and settlement amount."  <u>Id.</u>  Any non-settling party may file an objection and such party bears the burden of proving a lack of good faith.  <u>See</u> <u>id.</u>

In <u>Troyer v. Adams</u>, the Hawai`i Supreme Court adopted a "totality of the circumstances" approach for the § 663-15.5 analysis of whether a settlement was made in good faith.  <u>See</u> 102 Hawai`i 399, 425, 77 P.3d 83, 109 (2003).  The court noted that the statute's legislative intent focused more on "encouraging settlements than ensuring the equitable apportionment of liability."  <u>See</u> <u>id.</u> at 426, 77 P.3d at 110.  The court therefore rejected California's process of conducting "mini-trials" to determine the parties' probable liability before approving a settlement.  <u>See</u> <u>id.</u> at 426-27, 77 P.3d at 110-11.  The supreme

8

court stated,

> the trial court may consider the following factors
> to the extent that they are known at the time of
> settlement: (1) the type of case and difficulty of
> proof at trial, e.g., rear-end motor vehicle
> collision, medical malpractice, product liability,
> etc.; (2) the realistic approximation of total
> damages that the plaintiff seeks; (3) the strength
> of the plaintiff's claim and the realistic
> likelihood of his or her success at trial; (4) the
> predicted expense of litigation; (5) the relative
> degree of fault of the settling tortfeasors; (6)
> the amount of consideration paid to settle the
> claims; (7) the insurance policy limits and
> solvency of the joint tortfeasors; (8) the
> relationship among the parties and whether it is
> conducive to collusion or wrongful conduct; and
> (9) any other evidence that the settlement is
> aimed at injuring the interests of a non-settling
> tortfeasor or motivated by other wrongful purpose.

Id. at 427, 77 P.3d at 111.  These factors are not exhaustive;

the court may consider any other relevant factor.  See id.

County Defendants' primary objections to the settlement

are that: Defendant Maui Dive and Defendant 3090 are essentially

the same entity and this suggests collusion in the settlement;

and the settlement amount is inadequate.  This Court disagrees.

The evidence indicates that Defendant Maui Dive and Defendant

3090 are in fact separate entities that have different potential

liabilities in this case.  County Defendants, who bear the burden

of proving that the settlement was not in good faith, have not

come forward with any evidence that either Defendant Maui Dive or

Plaintiff engaged in improper conduct, or that the settlement was

collusive or intended to harm any non-settling defendant.

Further, this Court finds that, in light of the nature of Plaintiff's claims against Defendant Maui Dive and Plaintiff's likelihood of success, the amount of the settlement is reasonable and significant.  In addition, this Court finds that Plaintiff's and Defendant Maui Dive's predicted litigation expenses weigh in favor of approving the settlement.  The Court notes that it is likely that Defendant Maui Dive can afford to pay a higher settlement or judgment and this factor arguably weighs against approving the settlement.

Nevertheless, the Court finds that the vast majority of the <u>Troyer</u> factors weigh in favor of a finding that the settlement was in good faith.  There are no other significant factors that warrant consideration in this case.  Accordingly, this Court recommends that the district court grant Defendant's Petition.

## **CONCLUSION**

On the basis of the foregoing, this Court FINDS and RECOMMENDS that Defendant Maui Dive's Petition for Determination of Good Faith Settlement, filed November 16, 2006, be GRANTED to the extent that this Court finds that Plaintiff and Defendant Maui Dive entered into the settlement in good faith.

10

DATE AT HONOLULU, HAWAI`I, May 7, 2007.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**SARAH C. WHITE, ETC. V. CAROL ANN SABATINO, ET AL**; CIVIL NO. 04-00500 ACK-LEK; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT