IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SARAH C. WHITE, Individually and as Special Administrator of THE ESTATE OF STEFAN BOURNAKEL, Deceased, and as Next Friend of NICOS ROBERT BOURNAKEL, a minor, | ) ) ) ) ) ) | Civ. No. 04-00500 ACK/LEK Civ. No. 05-00025 ACK/LEK |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CAROL ANN SABATINO, BOB'S MAUI DIVE SHOP, INC. dba MAUI DIVE SHOP, a Hawaii Corporation; 3090 INCORPORATED, a Hawaii Corporation; RONALD E. WALLACH; COUNTY OF MAUI; FRANKLYN L. SILVA, Individually and in his capacity as Director of the Department of Liquor Control, County of Maui; WAYNE M. PAGAN, Individually and in his capacity as Deputy Director of the Department of Liquor Control, County of Maui; JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; DOE ASSOCIATES 1-20; DOE GOVERNMENTAL AGENCIES 1-20; and OTHER ENTITIES 1-20, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER REJECTING FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT BOB'S MAUI DIVE SHOP'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND FINDING SETTLEMENT IS GOVERNED BY ADMIRALTY LAW |
| IN PERSONAM | ) ) | |
| and M/V ALII NUI O.N. 567359 | ) ) | |
| IN REM | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) ) ) | |

```
FRANKLYN SILVA, WAYNE M.          )
PAGAN, AND COUNTY OF MAUI,        )
                                  )
          Cross-claimants,        )
                                  )
v.                                )
                                  )
CAROL ANN SABATINO, ROBERT        )
WALLACH, BOB'S MAUI DIVE SHOP,    )
INC. dba MAUI DIVE SHOP, a        )
Hawaii Corporation; and 3090      )
INCORPORATED, a Hawaii            )
Corporation,                      )
                                  )
          Cross-Defendants.       )
_____    )
                                  )
                                  )
FRANKLYN L. SILVA, WAYNE M.       )
PAGAN, COUNTY OF MAUI,            )
                                  )
          Third-Party             )
          Plaintiffs,             )
                                  )
v.                                )
                                  )
                                  )
CAROL ANN SABATINO,               )
                                  )
          Third-Party             )
          Defendant.              )
_____    )
                                  )
                                  )
IN THE MATTER OF THE COMPLAINT    )
OF 3090, INCORPORATED, a          )
Hawaii Corporation as owners      )
of the M/V ALII NUI O.N.          )
567359, FOR EXONERATION FROM      )
AND/OR LIMITATION OF              )
LIABILITY.                        )
                                  )
                                  )
                                  )
```

2

### ORDER REJECTING FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT BOB'S MAUI DIVE SHOP'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND FINDING SETTLEMENT IS GOVERNED BY ADMIRALTY LAW

### BACKGROUND[1]

On February 13, 2004, an automobile driven by Defendant Carol Ann Sabatino collided with a car driven by Stefan Bournakel, who died as a result of the collision.  Prior to the accident, Sabatino was a passenger on a cruise vessel named the Alii Nui, where she allegedly became intoxicated from being over-served with alcoholic beverages.  Defendant 3090, Inc. owns the Defendant M/V Alii Nui, and Defendant Maui Dive Shop owns Defendant 3090, Inc..

In her Fourth Amended Complaint, Plaintiff Sarah White, Individually and as Special Administrator of the Estate of Stefan Bournakel, Deceased and next friend of Nicos Robert Bournakel, a minor (hereinafter "Plaintiff"), asserts that this Court has jurisdiction over the action pursuant to the general admiralty law of the United States; Rule 9(h) of the Federal Rules of Civil Procedure; and 46 U.S.C. § 740, the Admiralty Jurisdiction Extension Act, which extends admiralty jurisdiction to all cases

---

[1]  The facts as recited in this Order are for the purpose of disposing of this motion and are not to be construed as findings of fact that the parties may rely on in future proceedings in this case.

of damage and personal injury caused by a vessel on navigable water, notwithstanding that the injury occurred on land. See Fourth Amended Complaint at ¶¶ 1, 2. Plaintiff's Fourth Amended Complaint asserts claims against the following Defendants: Carol Ann Sabatino;[2] Ronald E. Wallach;[3] Bob's Maui Dive Shop, Inc., dba Maui Dive Shop (herinafter "Maui Dive Shop"); 3090 Inc.; *in rem* Defendant M/V Alii Nui O.N. 567359, a vessel in navigable waters; the County of Maui; Franklyn L. Silva, Individually and in his capacity as Director of the Maui County Department of Liquor Control; and Wayne M. Pagan, Individually and in his capacity as Deputy Director of the Maui County Department of Liquor Control.  Plaintiff asserts generally that Defendants were the legal cause of her injury and damages. Id. at ¶18.  Plaintiff next asserts that Defendants 3090, Inc. and Maui Dive Shop negligently served Defendant Sabatino intoxicating liquor in violation of State law and Maui County liquor regulations. Id. at ¶ 22.  Plaintiff also asserts that the Maui County, Silva, and Pagan ("County Defendants") are liable to her for failing to enforce Section 08-101-69(a) of the Rules Governing the Sale and Manufacture of Liquor for the County of Maui. Id. at ¶ 26.

Defendant Maui Dive Shop and Plaintiff reached a

---

[2] All claims against Defendant Sabatino by Plaintiff were dismissed with prejudice on February 16, 2005.

[3] On July 31, 2006, Ronald E. Wallach prevailed in a motion for summary judgment for all claims against him by Plaintiff.

4

settlement agreement.  On November 16, 2006, Maui Dive Shop filed a Petition for Determination of Good Faith Settlement before Magistrate Judge Kobayashi.  On December 1, 2006, the Defendants Franklyn L. Silva and Wayne M. Pagan, filed objections to the Petition on their behalf in their individual and official capacities and on behalf of Defendant County of Maui.[4]  Defendant 3090, Inc., filed an opposition to the petition on December 4, 2006.  A hearing was held before Magistrate Judge Kobayashi on December 19, 2006, and per the court's order, the County Defendants filed supplemental objections to the Petition for Determination of Good Faith Settlement on December 27, 2006.

On January 16, 2007, Magistrate Judge Kobayashi entered an Order granting Maui Dive Shop's Petition for Determination of Good Faith Settlement. Subsequently, on May 7, 2007, Magistrate Judge Kobayashi withdrew the January 16, 2007 Order granting the Petition for Determination of Good Faith Settlement and issued a Findings and Recommendation ("F&R") that the Court grant Maui Dive Shop's Petition for Determination of Good Faith Settlement.

On May 21, 2007, the County Defendants filed an

---

[4] The County Defendants are also third party plaintiffs in the action. On November 22, 2006, Franklyn L. Silva and Wayne M. Pagan filed a cross-claim in their individual capacities against Defendants Carol Ann Sabatino, Maui Dive Shop, and 3090, Inc., and Ronald E. Wallach. In addition, on January 16, 2007, the County of Maui, Franklyn L. Silva, and Wayne M. Pagan in their official capacities filed a cross-claim against Defendants Carol Ann Sabatino, Maui Dive Shop, and 3090, Inc.

objection to the Findings and Recommendation to grant Maui Dive Shop's Petition.

<b><u>STANDARD</u></b>

A district court reviews de novo a magistrate's findings and recommendation for dispositive motions.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); L.R. 74.2.  The court may accept, reject, or modify and accept as modified the same.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); L.R. 74.2.  A petition for determination of good faith settlement under section 663-15.5 of the Hawaii Revised Statutes is a dispositive motion because the court's decision to grant the petition results in the dismissal of all cross-claims against the settling party. Haw. Rev. Stat. § 663-15.5(d). De novo review means the district court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered.  <u>See</u> <u>Ness v. Commissioner of Internal Revenue Service</u>, 954 F.2d 1495, 1497 (9th Cir. 1992).  The district court must arrive at its own independent conclusion about those portions of the magistrate's ruling to which objections are made, but a de novo hearing is not required.  <u>United States v. Remsing</u>, 874 F.2d 614, 617-18 (9th Cir. 1989); L.R. 74.2.

<b><u>DISCUSSION</u></b>

The settling Defendant, Maui Dive Shop, asks the Court to find that the settlement agreement reached with Plaintiff was

6

made in good faith, pursuant to section 663-15.5 of the Hawaii
Revised Statutes. Non-settling Defendants 3090, Inc. and County
Defendants argue that federal admiralty law, rather than Hawaii
law, governs the settlement of all claims in this case.  The
County Defendants go on to argue that even if state law applies,
the petition should not be approved because the factors set forth
in <u>Troyer v. Adams</u> to determine whether a settlement is in good
faith weigh against finding good faith in this case.  102 Haw.
399, 427, 77 P.3d 83, 111 (Haw. 2003).

>A.   <u>State and Federal Admiralty Law Approaches to
>Settlement Credit for Non-Settling Defendants</u>

Hawaii law provides for a *pro tanto* credit approach to
addressing how a non-settling defendant will be credited for
another defendant's settlement.  Haw. Rev. Stat. § 663-15.5(a);
<u>Troyer</u>, 102 Haw. at 414, 77 P.3d at 98.  Under the *pro tanto*
approach, when settlement is deemed by a court to be given in
good faith, the non-settling defendants are entitled to a set-off
credit equal to the greater of the amount stipulated by the
settlement or the amount of consideration paid for settlement.  §
663-15.5(a).[5]  In addition, the settling defendant is discharged

_____

[5] Haw. Rev. Stat. § 663-15.5(a) provides:
A release, dismissal with or without prejudice, or a
covenant not to sue or not to enforce a judgment that is
given in good faith under subsection (b) to one or more
joint tortfeasors, or to one or more co-obligors who are
mutually subject to contribution rights, shall:
(1) Not discharge any other joint tortfeasor or co-obligor
not released from liability unless its terms so provide;

from any liability to co-defendants for contribution, and a determination of good faith settlement results in a bar and dismissal of any cross-claims by co-defendants against the settling defendant. Haw. Rev. Stat. § 663-15.5(a),(d).

Under federal admiralty law, there is no analogous determination by the court of good faith settlement. The United States Supreme Court established that the rule in admiralty is the "proportionate share" approach. <u>McDermott, Inc. v. AmClyde and River Don Castings, Ltd.</u>, 511 U.S. 202, 217-21 (1994); <u>see also</u> <u>In Re Exxon Valdez</u>, 229 F.3d 790, 797 (9th Cir. 2000)("The proportionate share approach is the law in the Ninth Circuit, has been adopted by the Supreme Court for use in maritime actions, and is the approach recommended by the American Law Institute"). Under the proportionate share approach, the amount of the plaintiff's claim against the non-settling defendants is diminished by the proportion of fault attributed to the settling defendant. Furthermore, the proportionate share approach bars suits for contribution from the settling defendants as unnecessary because the non-settling defendants pay no more than

_____

(2) Reduce the claims against the other joint tortfeasor or co-obligor not released in the amount stipulated by the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater; and
(3) Discharge the party to whom it is given from all liability for any contribution to any other joint tortfeasor or co-obligor.

their share of the judgment. McDermott, 511 U.S. at 209.

The Fourth Amended Complaint before the Court invokes federal admiralty jurisdiction, including a claim for personal injury caused by a vessel on navigable water and an *in rem* action against the vessel Alii Nui.  "[A] party seeking to invoke federal admiralty jurisdiction pursuant to 23 U.S.C. 1333(1) over a tort claim must satisfy conditions both of location and of connection with maritime activity." Grubart v. Great Lakes Dredge & Dock Company et al., 513 U.S. 527, 534, 115 S. Ct. 1043, 1048 (1995).  The test for location is "whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water." Id.  The test for connection first requires a court to "assess the general feature of the type of incident involved, to determine whether the incident has a potentially disruptive impact on maritime commerce." Id. (quoting Sisson v. Ruby, 487 U.S. 258, 363-64 n. 2, 110 S. Ct. 2892, 2896 (1990)(internal quotations omitted)).  Second, the court must determine "whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime commerce." Id. (quoting Sisson, 497 U.S. at 365, 364, and n.2, 110 S. Ct. at 2897, 2896, and n.2). The Grubart court clarified, "The substantial relationship test is satisfied when at least one alleged tortfeasor was engaging in activity substantially related to traditional maritime activity

9

and such activity is claimed to have been a proximate cause of the incident." 513 U.S. at 541.

Certain claims appear to meet the requirements of admiralty jurisdiction.  For example, one claim alleges the tort of negligently over-serving alcohol to Sabatino during her cruise on the Alii Nui.  The allegedly negligent acts occurred on the cruise vessel Alii Nui on navigable waters.  Thus, the location test is satisfied.  The negligent actions of the employees and cruise operators on navigable waters have a potentially disruptive impact on the activities of maritime commerce.  The general character of the conduct of Defendant 3090, Inc.'s and Maui Dive Shop's employees and staff on the Alii Nui shows a substantial relationship to traditional maritime commerce.  Operating cruise ship tours for profit are related to traditional maritime activities of transporting persons for commercial purposes, and certainly the in rem action against the vessel itself is governed by admiralty law.  The parties argue that the Fourth Amended Complaint asserts state law claims for violation of and failure to enforce state liquor laws and Maui County liquor regulations.  The Court declines to resolve the issues whether these are state or admiralty claims in the instant Order.  In any event, it is clear that at least some of the claims asserted in the Fourth Amended Complaint arise under admiralty law.

The issues raised by Maui Dive Shop's petition for good faith settlement are: (1) whether state or federal admiralty law applies to the settlement agreement between Plaintiff and Maui Dive Shop; and (2) if state law applies, whether the non-settling defendants met their burden of establishing that the settlement was not entered in good faith.  For the reasons stated below, the Court concludes that even if there are state law claims asserted in this case, federal admiralty law governs the settlement between Maui Dive Shop and Plaintiff, so the second issue will not be addressed.

B.   <u>Choice of Law</u>

Generally, a federal court is bound to apply state substantive law to state causes of action before the court under supplemental jurisdiction. <u>O'Melveny & Myers v. Federal Deposit Insurance Corp.</u>, 512 U.S. 79, 85-89 (1994).  The Ninth Circuit has recognized that a similar *pro tanto* credit provision under California law is substantive rather than procedural because it affects the non-settling defendants' set-off liability and bars contribution actions against the settling defendant. <u>See</u> <u>Federal Savings and Loan Insurance Corp. v. Butler</u>, 904 F.2d 505, 511 (9th Cir. 1990)(interpreting as substantive Cal. Civ. Proc. Code § 877). Nevertheless, state substantive law cannot be applied where there is "a significant conflict between some federal policy or interest and the use of state law." <u>O'Melveny & Myers</u>,

11

at 87.  The Ninth Circuit has held that "the general rule on preemption in admiralty is that states may supplement federal admiralty law as applied to matters of local concern, so long as state law does not actually conflict with federal law or interfere with the uniform working of the maritime legal system." Pacific Merchant Shipping Ass'n v. Aubry, 918 F.2d 1409, 1422 (9th Cir. 1990). Thus, whether to apply the state *pro tanto* credit approach under section 663-15.5 of the Hawaii Revised Statutes or the federal proportionate share approach articulated in McDermott depends on whether there is a significant conflict between the two or disruption of the uniformity of federal admiralty law.

The District Court for the Central District of California has thoroughly addressed the issue of whether California's *pro tanto* credit approach is in direct conflict with the McDermott proportionate share approach. Slaven v. BP America, Inc., et al., 958 F. Supp. 1472, 1482-85 (C.D. Cal. 1997). In Slaven the court faced a situation where (1) both state and federal claims are asserted in a single action, (2) the state provides a settlement statute that applies a *pro tanto* credit approach that bars contribution claims, and (3) the state statute and federal rule vary significantly. Id. at 1482.

The Slaven court first noted that the *pro tanto* credit approach is in direct conflict with the federal proportionate

12

share approach.  The different approaches to calculating the set-off credit for non-settling defendants are mutually exclusive: under the *pro tanto* approach the non-settling defendant gets a credit equal to the amount of settlement, whereas under the proportionate share approach the non-settling defendant gets a credit for the proportion of fault attributable to the settling defendant.  In the *pro tanto* approach where contribution is barred (which is the case under both the California and Hawaii laws), the non-settling defendant could be left paying a disproportionate share of the award to Plaintiff, if the settling defendant's settlement was less than its proportionate share of fault.  For example, if a plaintiff's damages are ultimately found to be $1 million, and a co-defendant who was 50% at fault settled early on for $250,000, the remaining non-settling defendant would be required to pay $750,000, or 75% of the award despite being only 50% responsible. This defendant would not be able to sue the settling defendant for contribution.  Under the proportionate share approach, the non-settling defendant would not pay more than its proportion of liability, and the plaintiff runs the risk of leaving "money on the table" if it settles with a defendant for less than the defendant's proportionate share of fault.  Using the same example above, the settling defendant who is 50% responsible may pay $250,000 at settlement, and the non-settling defendant who is 50% responsible would only pay $500,000

of the $1 million judgment at the end of trial. The plaintiff would not be able to recover the remaining $250,000 from the settling defendant. The two approaches provide incompatible methods of calculating the liability of non-settling defendants.

The Slaven court went on to conclude that it is unworkable to apply the state law approach to the state law claims and the federal approach to the federal claims because a "side-by-side" application of the two would unduly disrupt the federal interest in uniformity of admiralty law.  958 F. Supp at 1482.  The court observed, "Applying the settlement law of differing states, even only as to supplemental state law causes of action would result in the application of varied settlement approaches throughout the country to non-settling defendants who continue to face liability under federal maritime law." Id. at 1483. It would be impracticable to attempt to allocate the settlement amount, which is generally calculated as one sum, between the federal and state claims after judgment is entered, as would be required to calculate the pro tanto credit for state claims and proportionate share credit to federal claims.  Id. at 1484.  Nor is it desirable to conduct a good faith settlement hearing on the state portion of a bifurcated settlement that attempts to allocate the settlement amount between state and federal claims.  The plaintiff would be motivated to allocate a larger share to the state claim to obtain the benefit of the pro

14

*tanto* rule, and thus evade the federal proportionate share rule.
The Court is persuaded that the federal interest in uniformity of
maritime law militates applying the McDermott approach to
settlement as long as federal admiralty claims remain against the
non-settling defendants.  Here, federal admiralty claims remain
against the non-settling defendants, so the proportionate share
rule applies.

        The Court holds that the proportionate share rule of
federal admiralty law governs the settlement between Plaintiff
and Maui Dive Shop. Accordingly, no determination of good faith
settlement under section 663-15.5 of the Hawaii Revised Statutes
is necessary or appropriate.  Plaintiff and Defendant Maui Dive
Shop are advised that their settlement agreement is governed by
the proportionate share rule articulated by McDermott, such that
if the remaining non-settling defendants were to be found liable
at trial, the remaining defendants' liability would be offset by
Maui Dive Shop's proportionate share of fault, not by the amount
of Maui Dive Shop's settlement.  Under the settlement between
Plaintiff and Maui Dive Shop, all actions for contribution by the
remaining Defendants against Maui Dive Shop would be barred, and
to the extent that cross-claims against Maui Dive Shop assert
claims for contribution, these cross-claims would be moot.[6]

------------------------------------------------

        [6]  While the Parties have filed a declaration regarding
their settlement, they have not submitted the full settlement
agreement and the Court is unaware what qualifying conditions

## CONCLUSION

For the foregoing reasons, the Court rejects the Findings and Recommendation of the Magistrate Judge that Defendant Maui Dive Shop's Petition for Determination of Good Faith Settlement be Granted and finds that the admiralty law governs the settlement between Plaintiff and Maui Dive Shop.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 29, 2007.



_____
Alan C. Kay
Sr. United States District Judge

WHITE, et al., v. SABATINO, et al., Civ. No. 04-00500 ACK-LEK, Civ. No. 05-00025 ACK-LEK, ORDER REJECTING FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT BOB'S MAUI DIVE SHOP'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND FINDING SETTLEMENT IS GOVERNED BY ADMIRALTY LAW.

_____

might be included.