IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SARAH C. WHITE, Individually and as Special Administrator of THE ESTATE OF STEFAN BOURNAKEL, Deceased, and as Next Friend of NICOS ROBERT BOURNAKEL, a minor, | ) ) ) ) ) ) | Civ. No. 04-00500 ACK/LEK Civ. No. 05-00025 ACK/LEK |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CAROL ANN SABATINO, BOB'S MAUI DIVE SHOP, INC. dba MAUI DIVE SHOP, a Hawaii Corporation; 3090 INCORPORATED, a Hawaii Corporation; RONALD E. WALLACH; COUNTY OF MAUI; FRANKLYN L. SILVA, Individually and in his capacity as Director of the Department of Liquor Control, County of Maui; WAYNE M. PAGAN, Individually and in his capacity as Deputy Director of the Department of Liquor Control, County of Maui; JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; DOE ASSOCIATES 1-20; DOE GOVERNMENTAL AGENCIES 1-20; and OTHER ENTITIES 1-20, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER CLARIFYING LAW GOVERNING PLAINTIFF'S SETTLEMENT WITH CAROLANN SABATINO |
| IN PERSONAM | ) ) | |
| and M/V ALII NUI O.N. 567359 | ) ) | |
| IN REM | ) ) | |
| Defendants. | ) ) ) | |

1

FRANKLYN SILVA, WAYNE M.          )
PAGAN, AND COUNTY OF MAUI,        )
                                  )
          Cross-claimants,        )
                                  )
v.                                )
                                  )
CAROL ANN SABATINO, ROBERT        )
WALLACH, BOB'S MAUI DIVE SHOP,    )
INC. dba MAUI DIVE SHOP, a        )
Hawaii Corporation; and 3090      )
INCORPORATED, a Hawaii            )
Corporation,                      )
                                  )
          Cross-Defendants.       )
_____    )
                                  )
                                  )
FRANKLYN L. SILVA, WAYNE M.       )
PAGAN,                            )
                                  )
          Third-Party             )
          Plaintiffs,             )
                                  )
v.                                )
                                  )
                                  )
CAROL ANN SABATINO,               )
                                  )
          Third-Party             )
          Defendant.              )
_____    )
                                  )
                                  )
IN THE MATTER OF THE COMPLAINT    )
OF 3090, INCORPORATED, a          )
Hawaii Corporation as owners      )
of the M/V ALII NUI O.N.          )
567359, FOR EXONERATION FROM      )
AND/OR LIMITATION OF              )
LIABILITY.                        )
                                  )
                                  )
                                  )

2

**ORDER CLARIFYING LAW GOVERNING PLAINTIFF'S SETTLEMENT WITH CAROLANN SABATINO**

**BACKGROUND**

On July 15, 2004, Sarah C. White, Individually and as Special Administrator of the Estate of Stefan Bournakel, Deceased, and as Next Friend of Nicos Robert Bournakel, ("Plaintiff") filed a Complaint in the Circuit Court of the Second Circuit of the State of Hawaii against Carol Ann Sabatino ("Sabatino"); and Bob's Maui Dive Shop, Inc. dba Maui Dive Shop ("Maui Dive Shop") for all damages and costs that allegedly resulted from the February 13, 2004 automobile accident between Carol Ann Sabatino and Stefan Bournakel, resulting in Bournakel's death.

On July 6, 2004 Defendant CarolAnn Sabatino filed a Chapter 7 Voluntary Petition in the U.S. Bankruptcy Court, District of Hawaii, B.R. No. 04-01701.  See Hevicon Decl. at ¶ 4. An automatic stay was placed on Plaintiff's action in the Circuit Court of the Second Circuit in the State of Hawaii.  On or about July 15, 2004, Sabatino's insurance company, First Insurance, offered to tender to Plaintiff the applicable policy limit on bodily injury of $100,000. See Pl. Exh. "1" at 8.  On or about July 23, 2004, Plaintiff and Defendant Sabatino reached a settlement agreement in which Defendant Sabatino agreed to lift

3

the automatic stay so long as any collection against Defendant

Sabatino was limited to the limits of the insurance policy for

bodily injury. Id.; see also Pl. Exh. "2" at 2.

On August 16, 2004, Defendant Maui Dive Shop removed

the case to federal court pursuant to 28 U.S.C. § 1333 and 28

U.S.C. § 1441(b)[1] from the Circuit Court of the Second Circuit of

the State of Hawaii.  It does not appear that Plaintiff objected

to the removal of the case to federal court.  This case was

docketed Civ. No. 04-00500 ACK-LEK.

On November 9, 2004, Plaintiff filed a Second Amended

Complaint, adding Defendants 3090, Inc.; Ronald E. Wallach; and

M/V Alii Nui, O.N. 567359 in rem. In the Second Amended

Complaint, Plaintiff asserted that the Court has jurisdiction

over the case pursuant to "the general admiralty and maritime law

of the United States of America, and Rule 9(h) of the Federal

Rules of Civil Procedure, 28 U.S.C. § 1333." See Second Amended

---

[1] 28 U.S.C. § 1333(1) provides, "The district courts shall
have original jurisdiction, exclusive of the courts of the
States, of: (1) Any civil case of admiralty or maritime
jurisdiction, saving to suitors in all cases all other remedies
to which they are otherwise entitled."
28 U.S.C. § 1441(b) provides,
        Any civil action of which the district courts have original
        jurisdiction founded on a claim or right arising under the
        Constitution, treaties or laws of the United States shall be
        removable without regard to the citizenship or residence of
        the parties. Any other such action shall be removable only
        if none of the parties in interest properly joined and
        served as defendants is a citizen of the State in which such
        action is brought.

Complaint at 2.  Plaintiff also invoked the jurisdiction of the

Admiralty Jurisdiction Extension Act, 46 U.S.C. § 740, which

extends admiralty jurisdiction to all cases of damage and

personal injury caused by a vessel on navigable water,

notwithstanding that the injury occurred on land.

Plaintiff initially filed a Motion for Determination of

Good Faith Settlement regarding the Sabatino settlement in the

Circuit Court of the Second Circuit, State of Hawaii on November

4, 2004.  See Hevicon Decl. at ¶ 5. Plaintiff withdrew the Motion

on November 19, 2004 and refiled it in this Court on November 29,

2004.  Id.  In this Motion, Plaintiff sought a determination that

the settlement with Defendant Sabatino was in good faith pursuant

to Haw. Rev. Stat. § 663-15.5.  See Pl. Exh. "1".  No opposition

to the motion was filed.

On December 13, 2004, Magistrate Judge Kobayashi issued

a Finding and Recommendation Granting Plaintiff's Motion for

Determination of Good Faith Settlement ("Dec. 13, 2004 F&R").  In

the F&R, Magistrate Judge Kobayashi concluded,

> In the instant case, no evidence has been presented to
> demonstrate a lack of good faith.  Rather, based on the
> information provided, the Court's application of the nine-
> factor test and consideration of the "totality of
> circumstances," and there being no objection to the motion,
> the Court finds the settlement between Plaintiffs and
> Sabatino to have been made in good faith, pursuant to Haw.
> Rev. Stat. § 663-15.5.

Dec. 13, 2004 F&R at 3.  NO objection to the F&R was filed.  On

January 4, 2005, this Court issued an Order Adopting Magistrate's

Finding and Recommendation Granting Plaintiff's Motion for a
Determination of Good Faith Settlement.  The parties did not
raise the issue of whether state or admiralty law governs the
settlement with Defendant Sabatino, and neither the Magistrate
nor this Court addressed that issue.

On February 16, 2005, the parties stipulated to a
partial dismissal with prejudice of all claims against Defendant
Sabatino.  The stipulation stated, in part,

> This Stipulation is made pursuant to Hawaii Revised Statutes
> Section 663-15.5, as amended, also known as the "Good Faith
> Settlement".  Pursuant to H.R.S. § 663-15.5 all claims by
> and between Defendant SABATINO and Plaintiffs are hereby
> dismissed and all parties hereto shall bear their own
> attorney's fees and costs.  All remaining claims, causes of
> actions, defenses, and parties, other than Defendant
> SABATINO and claims relating to her, shall remain active in
> this case.

See Pl. Motion Exh. "5".

On September 1, 2006, Plaintiff filed a Fourth Amended
Complaint, and again asserted that this Court has jurisdiction
over the action pursuant to the general admiralty law of the
United States; Rule 9(h) of the Federal Rules of Civil Procedure;
and 46 U.S.C. § 740,[2] the Admiralty Jurisdiction Extension Act.

---

[2]  The Court notes that the 46 U.S.C. § 740 was repealed by
Pub. L. 109-304, § 19, Oct. 6, 2006, 120 Stat. 1710.  An Act
extending admiralty jurisdiction to cases of damage or injury on
land was recodified at 46 U.S.C. § 30101(a), and now provides,
> The admiralty and maritime jurisdiction of the United States
> extends to and includes cases of injury or damage, to person
> or property, caused by a vessel on navigable waters, even
> though the injury or damage is done or consummated on land.
The U.S. Supreme Court has also held that the jurisdictional test

6

<u>See</u> Fourth Amended Complaint at ¶¶ 1, 2.

Sometime during late 2006, Defendant Maui Dive Shop and Plaintiff reached a settlement agreement.  On November 16, 2006, Maui Dive Shop filed a Petition for Determination of Good Faith Settlement before Magistrate Judge Kobayashi. On May 7, 2007, Magistrate Judge Kobayashi issued a Findings and Recommendation ("May 7, 2007 F&R") that the Court grant Maui Dive Shop's Petition for Determination of Good Faith Settlement as provided by Haw. Rev. Stat. § 663-15.5. On June 29, 2007, the Court rejected the May 7, 2007 F&R and found that the settlement between Plaintiff and Maui Dive Shop is governed by admiralty rather than state law ("June 29, 2007 Order").

On July 19, 2007, Plaintiff filed a Motion for Clarification of this Court's Order Regarding Settlement with CarolAnn Sabatino ("Motion"). Plaintiff moves the Court to clarify whether, in light of the Court's June 29, 2007 Order, the Plaintiff's settlement with CarolAnn Sabatino is governed by Haw. Rev. Stat. § 663-15.5 or admiralty law.

Defendant 3090, Inc. (the only remaining in personam defendant in the case) filed an Opposition to Plaintiff's Motion on August 3, 2007 arguing that there is nothing to clarify

_____

for locality is "whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water." <u>Grubart v. Great Lakes Dredge & Dock Company</u>, 513 U.S. 527,534, 115 S. Ct. 1043, 1048 (1995).

7

because the June 29, 2007 Order ruled that admiralty law rather than state law governs settlement in this case ("3090 Opp.").
Plaintiff did not file a Reply.

A hearing on Plaintiff's Motion for Clarification was held on Thursday, August 23, 2007 at 10:00 a.m..

### STANDARD

### I. Revision or Modification of Interlocutory Orders

Prior to the entry of final judgment in a case, a district court has the inherent, plenary power to revise an interlocutory order.  Fed. R. Civ. P. 54(b).[3]  The Ninth Circuit has recognized the rule that, "as long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles, Harbor Division v. Santa Monica Baykeeper, 254 F.3d 882, 889 (9th Cir. 2001)(quoting Melancon v. Texaco, Inc., 659 F.2d 551, 553 (5th Cir. 1981)). The power to revise an interlocutory order was recognized at common law and is not

---

[3] Rule 54(b) provides that in the absence of an entry of final judgment or direction to enter final judgment as to fewer than all of the parties or claims, "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

derived solely from the Federal Rules of Civil Procedure.  See

Santa Monica Baykeeper, 254 F.3d at 886-87.  The court in Santa

Monica Baykeeper explained,

> If no procedure is specifically prescribed by rule, the
> court may proceed in any lawful manner not inconsistent with
> these rules or with any applicable statute. Nothing in the
> Rules limits the power of the court to correct mistakes made
> in its handling of a case so long as the court's
> jurisdiction continues, i.e., until the entry of judgment.
> In short, the power to grant relief from erroneous
> interlocutory orders, exercised in justice and good
> conscience, has long been recognized as within the plenary
> power of courts until entry of final judgment and is not
> inconsistent with any of the Rules.

Id. at 887 (quoting United States v. Jerry, 487 F.2d 600, 604 (3d

Cir. 1973)).  Specifically, Fed. R. Civ. P. 60(b) does not apply

to interlocutory orders and thus does not have any effect on the

court's power to modify an interlocutory order at any time prior

to final judgment.  As explained by the Advisory Committee's Note

to the 1946 amendment to Rule 60(b), "interlocutory judgments are

not brought within the restrictions of [Rule 60(b)], but rather

they are left subject to the complete power of the court

rendering them to afford such relief from them as justice

requires."

Under Local Rule 60.1, a motion for reconsideration of

an interlocutory order on the basis of a manifest error of law or

fact must be filed not more than ten business days after the

court's written order is filed.  Even if a motion for

reconsideration of an interlocutory order would be time-barred in

this case, nothing in Local Rule 60.1 prevents the Court from exercising its inherent power to modify, rescind, or revise an interlocutory order prior to the entry of final judgment.

Moreover, the revision of an interlocutory order does not violate the law of the case doctrine.  In <u>Santa Monica Baykeeper</u>, the court held,

> The [law of the case] doctrine simply does not impinge upon a district court's power to reconsider its own interlocutory order provided that the district court has not been divested of jurisdiction over the order. . . . The legal effect of the doctrine of law of the case depends upon whether the earlier ruling was made by a trial court or an appellate court.  All rulings of a trial court are subject to revision at any time before the entry of judgment.  A trial court may not, however, reconsider a question decided by an appellate court.

254 F.3d at 888-89 (quoting <u>United States v. Houser</u>, 804 F.2d 565, 567 (9th Cir. 1986)).

## <u>DISCUSSION</u>

The issue before the Court is whether state law or admiralty law governs the settlement between Plaintiff and Defendant Sabatino.  In the January 4, 2005 Order, this Court adopted the finding and recommendation of Magistrate Judge Kobayashi, without opposition, granting Plaintiff's petition for determination of good faith settlement between Plaintiff and Defendant Sabatino pursuant to Haw. Rev. Stat. § 663-15.5. However, in its June 29, 2007 Order, the Court held that admiralty law, not state law, governs the settlement between Plaintiff and Defendant Maui Dive Shop.  Plaintiff seeks

10

clarification about the status of the January 4, 2005 Order applying Hawaii law to the settlement with Defendant Sabatino in light of the June 29, 2007 Order that admiralty law governs settlement in this case.

An interlocutory order is defined as "an order that relates to some intermediate matter in the case; any order other than a final order." Black's Law Dictionary 1130 (8th ed. 2004). The January 4, 2005 Order was an interlocutory order because final judgment has not been entered in the case nor has final judgment been directed as to fewer than all of the claims or parties pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Plaintiff accepts the conclusion of the June 29, 2007 Order that admiralty law rather than state law governs the settlement between Plaintiff and Defendant Maui Dive Shop. Nevertheless, Plaintiff argues that state law, not admiralty law, governs the 2004 settlement with Defendant Sabatino because (1) the settlement was reached before the case was removed to federal court; (2) at the time of the settlement, Plaintiff had not asserted admiralty jurisdiction; (3) Defendant 3090, Inc. did not object to Plaintiff's petition for determination of good faith settlement or the Magistrate's F&R regarding the Sabatino settlement; and (4) judicial estoppel bars Defendant 3090, Inc. from now arguing that admiralty law governs the settlement

11

between Plaintiff and Defendant Sabatino because 3090, Inc. had signed a stipulation to dismiss Sabatino pursuant to the determination of good faith settlement under Haw. Rev. Stat. § 663-15.5.

For reasons discussed below and applying the rule that a district court has plenary power to revise, modify, or rescind an interlocutory order prior to the entry of final judgment, the Court rescinds its January 4, 2005 Order adopting Magistrate Kobayashi's F&R granting Plaintiff's petition for determination of good faith settlement.  The Court now holds that admiralty law rather than state law governs the settlement between Plaintiff and Defendant Sabatino.

## I.   Settlement Reached Before Case Removed to Federal Court

The statutory provision creating admiralty jurisdiction in the federal district courts reads, "The district courts shall have original jurisdiction, exclusive of the courts of the States, of any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."  28 U.S.C. § 1333.  The "saving to suitors" clause creates concurrent jurisdiction in state courts over in personam causes of action arising under admiralty law.  Offshore Logistics, Inc. v. Tallentire  477 U.S. 207, 222-23, 106 S. Ct. 2485, 2494 (1986).  While state courts may hear admiralty causes of action, "in such cases the extent to

12

which state law may be used to remedy maritime injuries is constrained by a so-called 'reverse-Erie' doctrine which requires that the substantive remedies afforded by the States conform to governing federal maritime standards." <u>Id.</u>  Commentators Wright, Miller, and Cooper explain,

> [T]he saving clause does not authorize the application of substantive rights created by state statutes that significantly modify or change the traditional characteristics of the national substantive admiralty and maritime law that otherwise would be applicable in a particular case; however, state procedures and remedies are available as long as they do not conflict with the essential elements of the national law.

14A Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, <u>Federal Practice and Procedure</u> § 3672 (3d ed. 1998).

As explained at length in this Court's June 29, 2007 Order, application of the Hawaii pro tanto credit approach to settlement created by Haw. Rev. Stat. § 663-15.5 conflicts with and disrupts the uniformity of federal admiralty law, which applies the proportionate share approach to settlement.  The pro tanto credit approach to settlement is substantive rather than procedural because it affects the non-settling defendants' set-off liability and bars contribution against the settling defendant. <u>See</u> <u>Federal Savings & Loan Corp. v. Butler</u>, 90 F.2d 505, 511 (9th Cir. 1990)(analyzing California's pro tanto credit rule).  Thus, applying a reverse-Erie framework, the court, whether state or federal, is bound to apply admiralty law's proportionate share rule to all settlements in a case arising

13

under admiralty law.

Here, the Court concluded in its June 29, 2007 Order that Plaintiff's claims against 3090, Inc. and Maui Dive Shop arose under admiralty jurisdiction.  Even if the claim against Defendant Sabatino is a state law claim, which the Court need not decide today, so long as federal admiralty claims remain against non-settling defendants, the proportionate share approach of admiralty law governs all settlements in the case.  <u>See</u> June 29, 2007 Order (applying the rule as set forth in <u>Slaven v. B.P. America, Inc.</u>, 958 F. Supp. 1472, 1482-85 (C.D. Cal. 1997)).  At the time of Sabatino's settlement with Plaintiff, admiralty claims remained against Maui Dive Shop.  Thus, the federal interest in the uniformity of admiralty law requires that the proportionate share rule of admiralty rather than state law pro tanto credit approach governs the Sabatino settlement.  It is immaterial whether the case was in state court or federal court at the time of settlement.  Moreover, Plaintiff sought court approval of the settlement with Sabatino after removal of the case to this Court pursuant to admiralty jurisdiction.

## II.  At the Time of Settlement Plaintiff Had Not Asserted Admiralty Jurisdiction

Plaintiff's second argument is unavailing because courts must apply admiralty law if the case involves admiralty jurisdiction, regardless of whether the party has actually invoked admiralty jurisdiction.  <u>See</u> <u>Capital Partners Intern.</u>

14

<u>Ventures, Inc. v. Danzas Corp.</u>, 309 F. Supp. 2d 1138, 1142 (N.D.
Cal. 2004); <u>see</u> <u>also</u> 14A Wright, Miller, & Cooper, <u>supra</u>, at §
3671 ("The substantive rules of admiralty and maritime law will
apply to a case if it falls within federal admiralty
jurisdiction, regardless of whether a party actually has invoked
admiralty jurisdiction").  As stated above and in the June 29,
2007 Order, the claims asserted against Maui Dive Shop at the
time of the settlement with Sabatino invoked admiralty
jurisdiction because they involved torts that were allegedly
committed on navigable waters; the actions of passengers,
employees, and cruise operators on navigable waters have a
potentially disruptive impact on traditional maritime commerce;
and operating cruise ship tours for profit are related to
traditional maritime activities of transporting persons on
navigable waters for commercial purposes. <u>See</u> <u>Grubart v. Great</u>
<u>Lakes Dredge & Dock Company et al.</u>, 513 U.S. 527, 534, 115 S. Ct.
1043, 1048 (1995)(setting forth the test for admiralty
jurisdiction over tort claims). Thus, Plaintiff's original
Complaint invoked admiralty jurisdiction due to the nature of the
claims asserted, and admiralty law applies even if Plaintiff did
not explicitly reference admiralty jurisdiction in her original
Complaint.

        In addition, Plaintiff's petition for determination of
good faith settlement with Defendant Sabatino was filed in this

Court on November 29, 2004, after Plaintiff had filed the Second
Amended Complaint on November 9, 2004, in which she explicitly
invoked admiralty jurisdiction as the sole jurisdictional basis
in this Court.  In determining whether admiralty or state law
governs the settlement, it is of no consequence that Plaintiff
had not explicitly asserted admiralty jurisdiction at the time of
her settlement with Sabatino.

### III. Whether Defendant 3090, Inc. Is Estopped from Arguing that Admiralty Law Governs Plaintiff's Settlement with Sabatino

In her third and fourth arguments, Plaintiff appears to
argue Defendant 3090, Inc. either waived the right to object to a
finding that Plaintiff's settlement with Sabatino was in good
faith pursuant to state law or that Defendant 3090, Inc. is
estopped from now arguing that admiralty law governs the
settlement.

The waiver argument can be disposed of because, as
noted above, the Court retains plenary power to modify, rescind,
or revise an interlocutory order at any point before entry of
final judgment. Whether or not Defendant 3090, Inc. made the
appropriate objection regarding the settlement with Sabatino does
not affect this Court's ability to correct an erroneous legal
conclusion in an earlier interlocutory Order.

Judicial estoppel also does not apply here.  As
Plaintiff points out, "Judicial estoppel, sometimes known as the
doctrine of inconsistent positions, precludes a party from

16

gaining an advantage by taking one position, and then seeking a
second advantage by taking an incompatible position." <u>Risetto v.
Plumbers & Steamfitters Local 343</u>, 94 F.3d 597, 600 (9th Cir.
2006)(citing 18 Wright, Miller, & Cooper, <u>supra</u> § 4477 (1981 &
Supp. 1995)).  It does not appear, however, that Defendant 3090,
Inc. gained any advantage by tacitly or explicitly endorsing the
position that all claims against Sabatino by Plaintiff would be
dismissed pursuant to the determination of good faith settlement
under Hawaii law.  Indeed, it would appear that the non-settling
Defendants would suffer a relative disadvantage under the state
pro tanto credit rule rather than admiralty's proportionate share
rule.  Here, the problem is not that the litigants are playing
"fast and loose" with the courts, but rather that the issue of
whether state or admiralty law governs Plaintiff's settlement
with Defendant Sabatino was not raised before the Magistrate or
the Court, and the Court did not address the issue when approving
the Magistrate's finding of good faith settlement.  Thus,
invoking the doctrine of judicial estoppel is not warranted or
appropriate here.

        Regrettably, the issue of whether state or admiralty
law governed Sabatino's settlement was not raised by the parties,
who did not object to the good faith settlement F&R or Order, and
it was not addressed by the Court.  The Court is free to rescind,
revise, or modify an earlier interlocutory Order in the instant

case, which is still pending and has not been subject to entry of final judgment.  For all the reasons articulated above and in its June 29, 2007 Order, the Court concludes that admiralty law's proportionate share rule rather than the state law pro tanto credit rule governs the settlement between Plaintiff and Defendant Sabatino.

### CONCLUSION

For all the foregoing reasons, the Court:

(1) Rescinds the January 4, 2005 Order Adopting Magistrate's Finding and Recommendation Granting Plaintiff's Motion for a Determination of Good Faith Settlement; and

(2) The Court rejects the Magistrate's December 13, 2004 Finding and Recommendation and holds that admiralty law rather than state law governs the settlement between Plaintiff and Defendant Sabatino.

IT IS SO ORDERED.

DATED, HONOLULU, HAWAI`I, August 24, 2007.



_____
Alan C. Kay
Sr. United States District Judge

White v. Sabatino, et al., Civ. No. 04-5000; Civ. No. 05-00025: ORDER CLARIFYING LAW GOVERNING PLAINTIFF'S SETTLEMENT WITH CAROLANN SABATINO.