IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SARAH C. WHITE, Individually and as Special Administrator of THE ESTATE OF STEFAN BOURNAKEL, Deceased, and as Next Friend of NICOS ROBERT BOURNAKEL, a minor, | ) ) ) ) ) ) | Civ. No. 04-00500 ACK/LEK<br>Civ. No. 05-00025 ACK/LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAROL ANN SABATINO, BOB'S MAUI DIVE SHOP, INC. dba MAUI DIVE SHOP, a Hawaii Corporation; 3090 INCORPORATED, a Hawaii Corporation; RONALD E. WALLACH; COUNTY OF MAUI; FRANKLYN L. SILVA, Individually and in his capacity as Director of the Department of Liquor Control, County of Maui; WAYNE M. PAGAN, Individually and in his capacity as Deputy Director of the Department of Liquor Control, County of Maui; JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; DOE ASSOCIATES 1-20; DOE GOVERNMENTAL AGENCIES 1-20; and OTHER ENTITIES 1-20, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER REGARDING PLAINTIFF'S EX PARTE MOTION TO SEAL DOCUMENTS |
| | ) | |
| IN PERSONAM | ) | |
| | ) | |
| and M/V ALII NUI O.N. 567359 | ) | |
| | ) | |
| IN REM | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

1

FRANKLYN SILVA, WAYNE M.           )
PAGAN, AND COUNTY OF MAUI,         )
                                   )
          Cross-claimants,         )
                                   )
v.                                 )
                                   )
CAROL ANN SABATINO, ROBERT         )
WALLACH, BOB'S MAUI DIVE SHOP,     )
INC. dba MAUI DIVE SHOP, a         )
Hawaii Corporation; and 3090       )
INCORPORATED, a Hawaii             )
Corporation,                       )
                                   )
          Cross-Defendants.        )
_____    )
                                   )
                                   )
FRANKLYN L. SILVA, WAYNE M.        )
PAGAN,                             )
                                   )
          Third-Party              )
          Plaintiffs,              )
                                   )
v.                                 )
                                   )
                                   )
CAROL ANN SABATINO,                )
                                   )
          Third-Party              )
          Defendant.               )
_____    )
                                   )
                                   )
IN THE MATTER OF THE COMPLAINT     )
OF 3090, INCORPORATED, a           )
Hawaii Corporation as owners       )
of the M/V ALII NUI O.N.           )
567359, FOR EXONERATION FROM       )
AND/OR LIMITATION OF               )
LIABILITY.                         )
                                   )
                                   )
                                   )

2

## ORDER REGARDING EX PARTE MOTION TO SEAL DOCUMENTS

On September 14, 2007, Sarah C. White, individually and as Special Administrator of the Estate of Stefan Bournakel, Deceased, and as Next Friend of Nicos Robert Bournakel, a minor ("Plaintiff") filed an Ex Parte Motion for Leave to File Exhibits Under Seal ("Motion to Seal").  In the Motion to Seal, Plaintiff stated that she intends to file a motion to set aside the settlement Between Plaintiff and CarolAnn Sabatino and that she intends to attach exhibits to said Motion that include the settlement agreement with Sabatino and probate court documents approving the settlement.  Plaintiff seeks to file these two exhibits under seal because they are confidential.

The Ninth Circuit has recognized a strong presumption of public access to judicial records applies to documents attached to dispositive motions.  See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006).  Documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy.  Id. at 1180. There is an exception to the presumption of access when the documents to be sealed are attached to non-dispositive motions. Id. at 1179; Phillips v. General Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002).  As the court in Kamakana pointed out, "the public has less of a need for access to court records attached

3

only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." <u>Kamakana</u>, 447 F.3d at 1179 (quoting <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S.  20, 33, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984)).  Thus, "a 'particularized showing,' under the 'good cause' standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." <u>Kamakana</u>, 447 F.3d at 1180.

        To determine which standard applies to the Motion to Seal, the Court must first determine whether a Motion to set aside a settlement is a dispositive motion or non-dispositive motion.  Cases following <u>Kamakana</u> have noted the relative lack of guidance on the dispositive/non-dispositive distinction recognized for the purposes of sealing documents.  <u>See</u> <u>In re National Security Agency Telecommunications Records Litigation</u>, 2007 WL 549854, *3 (N.D. Cal. 2007)(noting a "lack of explicit guidance on this issue").  The same court concluded a motion for preliminary injunction is not dispositive because, unlike a motion for summary judgment, it does not resolve a case on the merits nor serve as a substitute for trial.  <u>Id.</u> at *4.  Another court concluded that motions to dismiss for lack of personal jurisdiction and for forum non conveniens was non-dispositive because it did not resolve the merits of the underlying causes of action and was only tangentially related to the merits. <u>See</u> <u>Young</u>

4

v. Actions Semiconductor Co., 2007 WL 2177028, *2 (S.D. Cal.
2007).  Another court found that a defendant's motion for
sanctions that sought to strike all allegations against it in the
complaint was dispositive because the case would be over if the
court granted the motion.  In re Seracare Life Sciences, Inc.,
2007 WL 935583, *15 (S.D. Cal. 2007).

       Another context where the dispositive/non-dispositive
distinction arises is in defining the standard of review for
actions taken by a Magistrate Judge--applying de novo review to
dispositive determinations, and the "clearly erroneous" standard
to non-dispositive determinations.  Boskoff v. Yano, 217 F. Supp.
2d 1077, 1084 (D. Haw. 2001).  In Boskoff, this Court observed,
"[m]otions that involve determination of the merits of the case,
or that do not involve a collateral matter, or that are critical
in shaping the nature of litigation are generally considered
'dispositive.'" Id. (citing Kiep v. Turner, 80 B.R. 521, 523-24
(D. Haw. 1987)).  Applying this analysis, the Court concluded
that a motion to enforce a settlement agreement was dispositive
because if the movants succeeded, defendant would be precluded
from pursuing his counter- or cross-claims.  Boskoff, 217 F.
Supp. 2d at 1084, n.4. In Kiep, the court concluded that a motion
for withdrawal of reference was not dispositive because it had no
bearing on the merits of the claims, the parties, or the
applicable law. Kiep, 80 B.R. at 524.  Black's Law Dictionary

defines "dispositive" as "Being a deciding factor; (of a fact or factor) bringing about a final determination." Black's Law Dictionary 505 (8th ed. 2004).  Applying this framework, by analogy, the instant motion to set aside a settlement would be critical in shaping the nature of the litigation by determining whether Sabatino is party to the litigation or not.  If the Court were determining whether to dismiss Sabatino pursuant to a settlement with Plaintiff, the motion would be dispositive.  The Court does not see any reason that a motion to accomplish the reverse would not also be dispositive.

The Court concludes that Plaintiff's yet-unfiled Motion to set aside the settlement with Sabatino would be dispositive and therefore, the compelling reasons standard set forth in <u>Kamakana</u> applies to Plaintiff's Motion to Seal. The Motion to Seal does not appear to meet (or even recognize) the compelling reasons standard.

Accordingly, leave to file an amended Motion to Seal is granted.  Plaintiff ought to identify the specific exhibits, if any, for which "compelling reasons" exist to keep under seal.  Plaintiff may accompany a motion to set aside the settlement with the amended Motion to Seal.  To reduce unnecessary delay, the exhibits will be temporarily sealed until a determination on the amended Motion to Seal is reached.  However, if Plaintiff fails to provide compelling reasons to seal the exhibits, the exhibits

shall be unsealed.

IT IS SO ORDERED.

DATED, HONOLULU, HAWAI`I, September 17, 2007.



_____
Alan C. Kay
Sr. United States District Judge

White v. Sabatino, et al., Civ. No. 04-5000; Civ. No. 05-00025: Order
Regarding Plaintiff's Ex Parte Motion to Seal Documents.