IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

SARAH C. WHITE, Individually and as Special Administrator of THE ESTATE OF STEFAN BOURNAKEL, Deceased, and as Next Friend of NICOS ROBERT BOURNAKEL, a minor,

Plaintiffs,

v.

CAROL ANN SABATINO, BOB'S MAUI DIVE SHOP, INC. dba MAUI DIVE SHOP, a Hawaii Corporation; 3090 INCORPORATED, a Hawaii Corporation; RONALD E. WALLACH; COUNTY OF MAUI; FRANKLYN L. SILVA, Individually and in his capacity as Director of the Department of Liquor Control, County of Maui; WAYNE M. PAGAN, Individually and in his capacity as Deputy Director of the Department of Liquor Control, County of Maui; JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; DOE ASSOCIATES 1-20; DOE GOVERNMENTAL AGENCIES 1-20; and OTHER ENTITIES 1-20,

IN PERSONAM

and M/V ALII NUI O.N. 567359

IN REM

Defendants.

Civ. No. 04-00500 ACK/LEK
Civ. No. 05-00025 ACK/LEK

ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER CLARIFYING LAW GOVERNING PLAINTIFF'S SETTLEMENT WITH CAROL ANN SABATINO

**FRANKLYN SILVA, WAYNE M. PAGAN, AND COUNTY OF MAUI,**

**Cross-claimants,**

**v.**

**CAROL ANN SABATINO, ROBERT WALLACH, BOB'S MAUI DIVE SHOP, INC. dba MAUI DIVE SHOP, a Hawaii Corporation; and 3090 INCORPORATED, a Hawaii Corporation,**

**Cross-Defendants.**

---

**FRANKLYN L. SILVA, WAYNE M. PAGAN,**

**Third-Party Plaintiffs,**

**v.**

**CAROL ANN SABATINO,**

**Third-Party Defendant.**

---

**IN THE MATTER OF THE COMPLAINT OF 3090, INCORPORATED, a Hawaii Corporation as owners of the M/V ALII NUI O.N. 567359, FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY.**

**ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER CLARIFYING LAW GOVERNING PLAINTIFF'S SETTLEMENT WITH CAROL ANN SABATINO**

**BACKGROUND**

On February 24, 2004, Sarah C. White, Individually and as Special Administrator of the Estate of Stefan Bournakel, Deceased, and as Next Friend of Nicos Robert Bournakel, ("Plaintiff") filed a Complaint in the Circuit Court of the Second Circuit of the State of Hawaii against Carol Ann Sabatino ("Sabatino") and Bob's Maui Dive Shop, Inc. dba Maui Dive Shop ("Maui Dive Shop") for all damages and costs that allegedly resulted from the February 13, 2004 automobile accident between Carol Ann Sabatino and Stefan Bournakel, resulting in Bournakel's death. The case in state court was docketed Civ. No. 04-1-0070(1).

On July 6, 2004 Defendant Carol Ann Sabatino filed a Chapter 7 Voluntary Petition in the U.S. Bankruptcy Court, District of Hawaii, B.R. No. 04-01701. See Hevicon Decl. at ¶ 4. An automatic stay was placed on Plaintiff's action in the Circuit Court of the Second Circuit in the State of Hawaii. On or about July 15, 2004, Sabatino offered to tender to Plaintiff the applicable insurance policy limit on bodily injury of $100,000.[1] See Pl. Mot. for Clarification Exh. "1" at 8. On or

[1] In her Motion for Clarification, Plaintiff stated that on or about July 15, 2004, Sabatino's insurance company tendered the

about July 23, 2004, the U.S. Bankruptcy Court approved a stipulation between Plaintiff and Defendant Sabatino in which Sabatino agreed to lift the automatic stay, allowing Plaintiff to proceed with her claim. In exchange, Plaintiff "agree[d] to limit her recovery of any award of judgment in Civil No. 04-1-0070(1) to the insurance proceeds in the maximum amount of $100,000, and will not seek any recovery from or file a proof of claim against Carolann Sabatino in the pending bankruptcy case." See Pl. Mot. for Clarification, Exh. "2" at 2.

On August 16, 2004, Defendant Maui Dive Shop removed the case to federal court pursuant to 28 U.S.C. § 1333 and 28 U.S.C. § 1441(b)[2] from the Circuit Court of the Second Circuit of the State of Hawaii. It does not appear that Plaintiff objected to the removal of the case to federal court. This case was

---

limits of Sabatino's insurance policy to Plaintiff. See Pl. Mot. for Clarification, at 3. It is unclear when the $100,000 was actually tendered from Sabatino's insurer to Plaintiff.

[2] 28 U.S.C. § 1333(1) provides, "The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."
28 U.S.C. § 1441(b) provides,

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

docketed Civ. No. 04-00500 ACK-LEK.

On November 9, 2004, Plaintiff filed a Second Amended Complaint, adding Defendants 3090, Inc.; Ronald E. Wallach; and M/V Alii Nui, O.N. 567359 in rem. In the Second Amended Complaint, Plaintiff asserted that the Court has admiralty jurisdiction over her Complaint. See Second Amended Complaint at 2. Defendants Maui Dive Shop and 3090, Inc. jointly filed an Answer to the Second Amended Complaint on December 8, 2004.

Plaintiff initially filed a Motion for Determination of Good Faith Settlement regarding the Sabatino settlement in the Circuit Court of the Second Circuit, State of Hawaii on November 4, 2004. See Hevicon Decl. at ¶ 5. Plaintiff withdrew the Motion on November 19, 2004 and refiled it in this Court on November 29, 2004. Id. In this Motion, Plaintiff sought a determination that the settlement with Defendant Sabatino was in good faith pursuant to Haw. Rev. Stat. § 663-15.5. See Pl. Exh. “1". No opposition to the motion was filed.

On December 13, 2004, Magistrate Judge Kobayashi issued a Finding and Recommendation Granting Plaintiff’s Motion for Determination of Good Faith Settlement (“Dec. 13, 2004 F&R”). In the F&R, Magistrate Judge Kobayashi concluded,

> In the instant case, no evidence has been presented to demonstrate a lack of good faith. Rather, based on the information provided, the Court’s application of the nine-factor test and consideration of the “totality of the circumstances,” and there being no objection to the motion, the Court finds the settlement between Plaintiffs and

> Sabatino to have been made in good faith, pursuant to Haw. Rev. Stat. § 663-15.5.

Dec. 13, 2004 F&R at 3. No objection to the F&R was filed. On January 4, 2005, this Court issued an Order Adopting Magistrate's Finding and Recommendation Granting Plaintiff's Motion for a Determination of Good Faith Settlement.

On February 16, 2005, the parties stipulated to a partial dismissal with prejudice of all claims against Defendant Sabatino. The stipulation stated, in part,

> This Stipulation is made pursuant to Hawaii Revised Statutes Section 663-15.5, as amended, also known as the "Good Faith Settlement". Pursuant to H.R.S. § 663-15.5 all claims by and between Defendant SABATINO and Plaintiffs are hereby dismissed and all parties hereto shall bear their own attorney's fees and costs. All remaining claims, causes of actions, defenses, and parties, other than Defendant SABATINO and claims relating to her, shall remain active in this case.

<u>See</u> Pl. Motion Exh. "5".

Sometime during late 2006, Defendant Maui Dive Shop and Plaintiff reached a settlement agreement. On November 16, 2006, Maui Dive Shop filed a Petition for Determination of Good Faith Settlement before Magistrate Judge Kobayashi. On May 7, 2007, Magistrate Judge Kobayashi issued a Findings and Recommendation ("May 7, 2007 F&R") that the Court grant Maui Dive Shop's Petition for Determination of Good Faith Settlement as provided by Haw. Rev. Stat. § 663-15.5. On June 29, 2007, the Court rejected the May 7, 2007 F&R and found that the settlement between Plaintiff and Maui Dive Shop is governed by admiralty

rather than state law ("June 29, 2007 Order").

On July 19, 2007, Plaintiff filed a Motion for clarification ("Motion for Clarification") to determine whether, in light of the Court's June 29, 2007 Order, the Plaintiff's settlement with Carol Ann Sabatino is governed by Haw. Rev. Stat. § 663-15.5 or admiralty law.

On August 23, 2007, the Court held a hearing on Plaintiff's Motion for Clarification regarding the law governing Plaintiff's settlement with Defendant Carol Ann Sabatino. The Court concluded in a written Order dated August 24, 2007, that admiralty law governs Plaintiff's settlement with Sabatino and that judicial estoppel did not apply to 3090, Inc.

Following the hearing on August 23, 2007 Plaintiff alleges that Mr. Lesser asked Plaintiff's counsel whether they had ever considered their ability to collect the full amount of the judgment. See Hevicon Decl. at ¶ 5. Mr. Lesser quoted the doctrine of "don't settle with the little guy first," and explained that under admiralty law, had Plaintiff not settled with Sabatino, an insolvent defendant, Plaintiff could have collected Sabatino's unpaid share of liability from 3090, Inc., who would be jointly and severally liable for the judgment at trial. Id.

Although he signed a stipulation to dismiss Sabatino pursuant to a finding of good faith settlement under state law,

Mr. Lesser now argues that in 3090, Inc.'s December 9, 2004 Answer to Plaintiff's Second Amended Complaint, he asserted that admiralty law's proportionate share rule applied in their Sixth Affirmative Defense: "Plaintiffs' alleged injuries and/or damages were caused in whole or in part by third parties, and any recovery must be reduced by an amount proportionate to the amount by which these third parties [sic] negligence caused or contributed to Plaintiffs' damages." See Answer of Bob's Maui Dive Shop and 3090, Inc. filed Dec. 8, 2004 at ¶ 33. In addition, the Fourteenth Affirmative Defense stated, "Plaintiff's claims are preempted by Federal law." Id. at ¶ 44. Yet, Mr. Lesser signed a stipulation on February 16, 2005, in which the parties agreed to a partial dismissal with prejudice of all claims against Defendant Sabatino. The stipulation stated, in part,

> This Stipulation is made pursuant to Hawaii Revised Statutes Section 663-15.5, as amended, also known as the "Good Faith Settlement". Pursuant to H.R.S. § 663-15.5 all claims by and between Defendant SABATINO and Plaintiffs are hereby dismissed and all parties hereto shall bear their own attorney's fees and costs. All remaining claims, causes of actions, defenses, and parties, other than Defendant SABATINO and claims relating to her, shall remain active in this case.

Plaintiff filed the Motion for Reconsideration of the Order Clarifying the Law Governing Plaintiff's Settlement with Carol Ann Sabatino on September 2, 2007 ("Motion"). On September 4, 2007 Defendant 3090, Inc. filed an Opposition to Plaintiff's Motion ("Opposition"). Plaintiff has not filed a Reply.

**STANDARD**

In the Ninth Circuit, a successful motion for reconsideration must accomplish two goals. First, it must demonstrate some reason why the court should reconsider its prior decision. Na Mamo O 'Aha 'Ino v. Galiher, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999) (citation omitted). Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Id. Courts have established three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998); Great Hawaiian Financial Corp. v. Aiu, 116 F.R.D. 612, 616 (D. Haw. 1987), rev'd on other grounds, 863 F.2d 617 (9th Cir. 1988). The District of Hawaii has implemented these standards in Local Rule 60.1, which states:

> Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
> (a) Discovery of new material facts not previously available;
> (b) Intervening change in law;
> (c) Manifest error of law or fact.
> Motions asserted under Subsection (c) of this rule must be filed not more than ten (10) business days after the court's written order is filed.

L.R. 60.1.

Mere disagreement with a previous order is an

insufficient basis for reconsideration. See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Haw. 1988). Furthermore, reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. See Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); Hawaii Stevedores, Inc. v. HT&T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005); All Hawaii Tours, Corp. v. Polynesian Cultural Ctr., 116 F.R.D. 645, 649-50 (D. Haw. 1987), rev'd on other grounds, 855 F.2d 860 (9th Cir. 1988). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., 229 F.3d at 883).

## DISCUSSION

Plaintiff requests that the Court reconsider its August 24, 2007 Order, in which the Court concluded that admiralty law rather than state law governs the settlement between Plaintiff and Defendant Sabatino and that judicial estoppel did not apply to 3090, Inc.. Plaintiff argues that Mr. Lesser's statements outside the Courthouse following the August 23, 2007 hearing and subsequent correspondence constitute newly discovered evidence demonstrating that 3090, Inc. gained an advantage by agreeing in the stipulation to dismiss Defendant Sabatino pursuant to a state law determination of good faith settlement. This advantage,

Plaintiff argues, justifies revisiting the issue of whether judicial estoppel should prevent 3090, Inc. from now asserting that admiralty law, rather than state law, governs the Sabatino settlement.

Based upon the evidence before it at the time, the Court, in the Order issued August 24, 2007, held that judicial estoppel does not apply:

> It does not appear, however, that Defendant 3090, Inc. gained any advantage by tacitly or explicitly endorsing the position that all claims against Sabatino by Plaintiff would be dismissed pursuant to the determination of good faith settlement under Hawaii law. Indeed, it would appear that the non-settling Defendants would suffer a relative disadvantage under the state pro tanto credit rule rather than admiralty's proportionate share rule. Here, the problem is not that the litigants are playing "fast and loose" with the courts, but rather that the issue of whether state or admiralty law governs Plaintiff's settlement with Defendant Sabatino was not raised before the Magistrate or the Court, and the Court did not address the issue when approving the Magistrate's finding of good faith settlement. Thus, invoking the doctrine of judicial estoppel is not warranted or appropriate here.

See August 24, 2007 Order at 17.

3090, Inc. argues that Mr. Lesser's expressed opinion of the applicable law and the impact of the law on the progress of the case do not constitute evidence or facts for the purpose of a motion for reconsideration. 3090, Inc. further contends that even if it did constitute evidence, it is not "newly discovered" because 3090, Inc. asserted as early as December of 2004, in its Answer to the Second Amended Complaint, that the proportionate share rule applies and that federal admiralty law

preempts state law in this case. Finally, 3090, Inc. argues that even if the Court concludes that Mr. Lesser's statements were newly discovered evidence, there are no grounds to reconsider the August 24, 2007 Order because the Court is bound to apply admiralty's proportionate share rule to all settlements arising under admiralty law.

The Court first reiterates that the proportionate share rule of admiralty law is the basic applicable law governing all settlements in a case where admiralty claims remain against non-settling defendants. See Slaven v. B.P. America, Inc., 958 F. Supp. 1472, 1482-85 (C.D. Cal. 1997). Application of state law's pro tanto credit rule to Plaintiff's settlement with Defendant Sabatino, when admiralty claims remained against Maui Dive Shop, would be legally in error.

The Court is nonetheless troubled by the facts presented by the parties suggesting that Mr. Lesser, an officer of the court, may have mislead the tribunal by stipulating (against his own belief) that state law governed the settlement with Sabatino. Plaintiff alleges that Mr. Lesser's correspondence and arguments reveal that his client has gained a substantial advantage from Plaintiff's settlement with Sabatino. Mr. Lesser is correct that had Plaintiff not settled with Defendant Sabatino, then at trial 3090, Inc. could be held jointly and severally liable for a judgment against itself and

Sabatino, who may be insolvent. See Edmonds v. Compagnie Generale Transatlantique, 443 U.S. 256, 271, 99 S. Ct. 2753, 61 L. Ed. 2d 521 (1979)(holding that in admiralty, joint and several liability applies when there has been a judgment against multiple defendants). Instead, because Plaintiff settled with Defendant Sabatino (and also with Defendant Bob's Maui Dive Shop), the proportionate share rule applies and limits Plaintiff's recovery against 3090, Inc. to 3090, Inc.'s proportionate share of fault.[3] As the Supreme Court explained in McDermott v. AmClyde,

> Joint and several liability applies when there has been a judgment against multiple defendants. It can result in one defendant's paying more than its apportioned share of liability when the plaintiff's recovery from other defendants is limited by factors beyond the plaintiff's control, such as a defendant's insolvency. When the limitations on the plaintiff's recovery arise from outside forces, joint and several liability makes the other defendants, rather than an innocent plaintiff, responsible for the shortfall. Unlike the rule in Edmonds, the proportionate share rule announced in this opinion applies when there has been a settlement. In such cases, the

---

[3] The fact that Plaintiff now discovers that had she not settled with Sabatino, she could have recovered Sabatino's unpaid share from the other defendants who were also adjudged liable does not necessarily mean that Plaintiff made an unwise settlement with Sabatino. The court in McDermott points out, "It seems probable that in most cases in which there is a partial settlement, the plaintiff is more apt to accept less than the proportionate share that the jury might later assess against the settling defendant, because of the uncertainty of recovery at the time of settlement negotiations and because the first settlement normally improves the plaintiff's litigating posture against the nonsettlors. . . Because settlement amounts are based on rough estimates of liability, anticipated savings in litigation costs, and a host of other factors, they will rarely match exactly the amounts a trier of fact would have set." McDermott, 511 U.S. at 219-20.

> plaintiff's recovery against the settling defendant has been limited not by outside forces, but by its own agreement to settle. There is no reason to allocate any shortfall to the other defendants, who were not parties to the settlement. Just as the other defendants are not entitled to a reduction in liability when the plaintiff negotiates a generous settlement, so they are not required to shoulder disproportionate liability when the plaintiff negotiates a meager one.

McDermott, Inc. v. AmClyde, 511 U.S. 202, 220-21, 114 S. Ct. 1461, 1471-72 (1994)(internal cross-references omitted). It appears that 3090, Inc. believed that admiralty's rule would govern the settlement with Sabatino, but stipulated to the inconsistent legal position that state law would apply. Such action could be construed as misleading and disingenuous.

Although the Court is troubled by 3090, Inc.'s inconsistent joinder in the stipulation that state law governed the Sabatino settlement, nevertheless such inconsistency is not sufficient to trigger judicial estoppel. Plaintiff argues that had 3090, Inc. raised the issue of admiralty law Plaintiff would not have settled with Sabatino. To the contrary, 3090, Inc.'s signing of the stipulation that state law governed the settlement with Sabatino did not cause Plaintiff to agree to "the settlement." Although not addressed by either party, Plaintiff in fact earlier entered a settlement with Sabatino on or about July 23, 2004 in which Sabatino agreed to lift the Bankruptcy stay on Plaintiff's suit against Sabatino and Bob's Maui Dive Shop, then in state court, in consideration for Plaintiff not seeking more

than $100,000 from Sabatino. See Pl. Mot. for Clarification, Exh. “2" at 2.[4] Plaintiff did not name 3090, Inc. as a party to the suit until November 9, 2004. Plaintiff’s settlement with Sabatino had already been consummated prior to Plaintiff naming 3090, Inc. as a party in the case and could not have been affected by 3090, Inc.’s subsequent silence during the consideration of the petition for determination of good faith settlement or 3090, Inc.’s endorsement of the erroneous and inconsistent position that state law governed the settlement in the February, 2005 stipulation.

Because Plaintiff settled with Sabatino by her own choice, the situation here is similar to McDermott. The question of how to assess liability among co-defendants when another defendant has settled was addressed by the Supreme Court in footnote 10 of McDermott. In McDermott, there were three defendants, and the plaintiff had settled with one. Of the two remaining defendants, AmClyde was immune from damages due to its contract with the plaintiff, which stated that AmClyde would provide free replacement of defective parts as fulfillment of all liabilities. See McDermott, 511 U.S. at 211 n.10. The question arose whether the non-immune defendant, RiverDon Castings, Ltd.,

---

[4] The Court has not been presented with any evidence that this settlement was conditioned upon the Court finding this was a good faith settlement pursuant to Haw. Rev. Stat. § 663-15.5. The settlement appears to have been finalized when the bankruptcy stay was lifted.

would be jointly and severally liable for both its portion of damages (deemed to be 38%) and AmClyde's portion (32%). Id. In concluding that joint and several liability would not apply, the court reasoned that the best way of viewing the contractual immunity of AmClyde was as a "quasi-settlement in advance of any tort claims." Id. Because the immunity was deemed a settlement, the proportionate share approach applied and RiverDon Castings was only obligated to pay its 38% of the judgment. In the instant case, there are three defendants: Defendant Sabatino, Maui Dive Shop, and 3090, Inc; and Plaintiff has settled with two of the Defendants. Thus, if a judgment is returned in favor of Plaintiff, the remaining Defendant, 3090, Inc., would only be liable for its proportionate share of fault.

The Court concludes that admiralty law governs Plaintiff's settlement with Carol Ann Sabatino. 3090, Inc.'s inconsistent position on the applicable law does not warrant judicial estoppel because no advantage was gained from the inconsistency. Any advantage to 3090, Inc. from Plaintiff's decision to settle with Sabatino, such as the protection from joint and several liability, had been established before 3090, Inc. became a party to the suit.

**CONCLUSION**

For all the foregoing reasons, the Court DENIES Plaintiff's Motion for Reconsideration of the August 24, 2007

Order Clarifying the Law Governing Plaintiff's Settlement with CarolAnn Sabatino.

IT IS SO ORDERED.

DATED, HONOLULU, HAWAI`I, September 26, 2007.




Alan C. Kay
Senior United States District Judge

White v. Sabatino, et al., Civ. No. 04-5000; Civ. No. 05-00025: ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER CLARIFYING LAW GOVERNING PLAINTIFF'S SETTLEMENT WITH CAROL ANN SABATINO.