IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| SARAH C. WHITE, ETC., | ) | CIVIL NO. 04-00500 ACK-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CAROL ANN SABATINO, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**REPORT OF SPECIAL MASTER ON PLAINTIFF'S OBJECTIONS
TO DEFENDANT WALLACH'S BILL OF COSTS FILED MARCH 24, 2008**

Before the Court, pursuant to a designation by Senior United States District Judge Alan C. Kay, is Plaintiff Sarah White's ("Plaintiff") Objections to Defendant Wallach's ("Defendant Wallach") bill of costs ("Objections"), filed March 24, 2008.[1]  Defendant Wallach filed his Bill of Costs to Plaintiff ("Bill of Costs") on March 7, 2008, seeking $8,236.24.  On March 12, 2008, Defendant 3090, Inc. ("Defendant 3090") filed a memorandum in support of joinder, affirming that Defendant Wallach could not recover costs from them.  On March 26, 2008, Defendant Wallach filed a reply memorandum to Plaintiff's Objections.  In accord with Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of

---

[1] Plaintiff filed the instant motion individually and as special administrator of the estate of Stefan Bournakel, deceased, and as next friend of Nicos Robert Bournakel, a minor.

1

Hawaii ("Local Rules"), the Court finds this matter suitable for disposition without a hearing. After reviewing the parties' submissions, the Court FINDS and RECOMMENDS that Plaintiff's Objections should be GRANTED IN PART and DENIED IN PART. The district judge should grant the Objections to the extent that Defendant Wallach's travel expenses are not taxable under § 1920, but deny the Objections to the extent that they are taxable under § 607-9. Defendant Wallach's request for costs should be GRANTED IN PART and DENIED IN PART. The Court RECOMMENDS that the district judge tax costs against Plaintiff in the amount of $7,094.83.

## BACKGROUND

The instant case arises out of a February 13, 2004 automobile accident in which a car driven by Defendant Carol Ann Sabatino collided with a car driven by Stefan Bournakel, who died as a result of the collision. Prior to the accident, Sabatino took a cruise on the Alii Nui, where she allegedly became intoxicated after being over-served with alcoholic beverages.

Plaintiff filed a Complaint in the Circuit Court of the Second Circuit of the State of Hawaii against Sabatino and Defendant Bob's Maui Dive Shop, Inc. dba Maui Dive Shop ("Defendant Maui Dive"). The case was removed to federal court on August 16, 2004, pursuant to 28 U.S.C. § 1441(b). On November 9, 2004, Plaintiff filed a Second Amended Complaint

adding Defendant Wallach under a state law negligence claim. Plaintiff alleged that Defendant Wallach's statement, "Don't worry. We'll take care of her [Sabatino,]" represented an undertaking of the duty to act as Sabatino's designated driver. [Order Denying Def. Wallach's Motion for Summary Judgment, filed Feb. 9, 2006, at 10-11.]

On October 25, 2005, Defendant Wallach filed a motion for summary judgment on Plaintiff's claims against him.  The district judge denied this motion in an order dated February 9, 2006, holding that a common law designated driver duty exists in Hawaii and that there were genuine issues of material fact regarding Defendant Wallach's duty as a designated driver.

Defendant Wallach filed a renewed motion for summary judgment on May 11, 2006.  In an order filed July 31, 2006 ("Summary Judgment Order"), the district judge granted the motion based on recently introduced judicial admissions that settled the factual issues regarding the duty and causation elements of Plaintiff's negligence claims in Defendant Wallach's favor.

Defendant Wallach filed his original Bill of Costs on August 14, 2006, seeking $8,236.24 in costs from Defendant Maui Dive and Defendant 3090.  This Court issued a report of special master on February 12, 2007, recommending that Defendant Maui Dive's and Defendant 3090's objections to Defendant Wallach's Bill of Costs be granted.  On March 20, 2007, the district judge

adopted the report of special master.

On February 22, 2008, the Clerk of the Court entered final judgment in favor of Defendant Wallach based on the Summary Judgment Order.

In the instant Bill of Costs, Defendant Wallach requests the following costs from Plaintiff:

| | | |
|---|---|---|
| (1) Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case. | $4,764.13 | |
| (2) Fees for exemplification and copies of papers necessarily obtained in the case | $ 494.76 | |
| (3) Depositions | $ 909.85 | |
| (4) Long Distance | $  30.15 | |
| (5) Outside Copying | $  14.00 | |
| (6) Travel | <u>$2,023.35</u> | |
| | **Total** | **$8,236.24** |

[Bill of Costs, Aff. of Jacqueline E. Thurston ("Thurston Aff."), Exh. 12a.]  Plaintiff objects to the taxation of $2,023.25 in travel expenses.  Plaintiff did not raise objections to any of the other requests.

## DISCUSSION

**I.     Entitlement to Costs**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs–other than attorney's fees–should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1); <u>see also</u>

Local Rule LR54.2(a).  Insofar as the district judge granted summary judgment in favor of Defendant Wallach based on the absence of genuine issues of material fact, this Court finds that Defendant Wallach is the prevailing party for purposes of Rule 54(d)(1).

A district court may exercise discretion in allowing or disallowing reimbursement of the costs of litigation, but it may not tax costs beyond those enumerated in 28 U.S.C. § 1920.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds, 42 U.S.C. § 1988(c).  "Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920."  Frederick v. City of Portland, 162 F.R.D. 139, 142 (D. Or. 1995) (citing Alflex Corp. v. Underwriters Lab., Inc., 914 F.2d 175, 177 (9th Cir. 1990) (per curiam)).  Section 1920 enumerates the following costs:

 1. Fees of the clerk and marshal;
 2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
 3. Fees and disbursements for printing and witnesses;
 4. Fees for exemplification and copies of papers necessarily obtained for use in the case;
 5. Docket fees under section 1923 of this title;
 6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  Under Rule 54(d), a prevailing party is

presumptively entitled to taxable costs; the losing party must show that the taxation of costs is not appropriate. See Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003).

## II. Calculation of Costs under § 1920

### A. Plaintiff's Objections to Travel Expenses

Defendant Wallach argues that he incurred attorney travel expenses as a result of various depositions in connection with this litigation. Plaintiff objects to Defendant Wallach's request for travel expenses on the ground that they are not taxable under any statute or rule.

"[T]ravel expenses of attorneys are not recoverable under § 1920." Yasui v. Maui Elec. Co., 78 F. Supp. 2d 1124, 1130 (D. Haw. 1999) (quoting Embotelladora Agral Regiomontana v. Sharp Capital, Inc., 952 F. Supp. 415, 418 (N.D. Tex. 1997)). This Court therefore RECOMMENDS that Plaintiff's objections be GRANTED as to Defendant Wallach's request for travel costs under § 1920.

Although Plaintiff did not raise other objections to Defendant Wallach's Bill of Costs, insofar as the district court cannot tax costs beyond those enumerated in § 1920, see Crawford Fitting, 482 U.S. at 441-42, this Court must review Defendant Wallach's other request items to determine if they are taxable.

### B. Deposition Expenses

Section 1920(2) provides for the taxation of the

"[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case[.]"  28 U.S.C. § 1920(2).  Defendant Wallach requests $5,673.98[2] for court reporter fees consisting of the following:

| Date | Description | Amount |
|---|---|---|
| 8/12/05 | Deposition of Carol Ann Sabatino taken on 7/28/05 | $520.31 |
| 8/18/05 | Deposition of Ron Wallach taken on 7/27/05 | $406.02 |
| 9/26/05 | Depositions of Diane Mulkey, Chris Dennis, and Jeff Strahn taken on 9/13/05 | $768.08 |
| 9/26/05 | Deposition of Sharon Lawrence taken on 9/12/05 | $175.51 |
| 11/9/05 | Deposition of Dept. of Liquor Control taken on 10/25/05 | $ 59.68 |
| 11/28/05 | Expedited certified copy of deposition transcript of David Kelly and Tania Kelly | $602.50 |
| 12/14/05 | Depositions of Bob Chambers and Jeff Strahn taken on 12/2/05 | $906.45 |
| 1/9/06 | Deposition of Clifford Wong taken on 1/4/06 | $251.93 |
| 1/10/06 | Depositions of Ericlee Correa and Lawrence R. Becraft taken on 1/3/06 | $346.75 |
| 1/25/06 | Deposition of Sarah C. White Bournakel taken on 1/19/06 | $255.00 |

---

[2] Defendant Wallach included separate requests for $4,764.13 and $909.85 in deposition costs.  The Court considers these together for the purposes of § 1920.

| | | |
|---|---|---|
| 3/30/06 | Copy of deposition transcripts of Thomas Godfrey and Cynthia Godfrey taken on 3/10/06 | $307.35 |
| 4/3/06 | Deposition of Kellie Hughes taken on 3/23/06 | $397.36 |
| 4/5/06 | Depositions of Kehau Supnet and Stephanie Bennett-Felipe taken on 3/3/06 | $445.91 |
| 6/22/06 | Depositions of Anthony Manoukian and Diana Kaaihue taken on 6/5/06 | <u>$231.13</u> |
| | | **Total: $5,673.98** |

[Exh. 12a. to Thurston Aff. at 1, 16.] Defendant Wallach submitted an invoice for each expense. [Id. at 37-58.] Defendant Wallach argues that these costs were necessarily incurred in defense of this action. [Thurston Aff. at ¶ 18.]

>Local Rule LR54.2(f)2. provides:
>
>The cost of a stenographic and/or video original and **one copy of any deposition transcript necessarily obtained for use in the case** is allowable. A deposition need not be introduced in evidence or used at trial, so long as, at the time it was taken, it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery. The expenses of counsel for attending depositions are not allowable.

Local Rule LR54.2(f)2. (emphasis added). On October 10, 2007, the depositions of David Kelly and Tania Kelly were used during trial. Thus, the copies of the deposition transcripts of David Kelly and Tania Kelly were necessarily obtained for use in this case and could reasonably be expected to be used for trial

8

preparation.  Defendant Wallach, however, requests $602.50 for expedited copies of the Kelly's deposition transcripts. Expedited copies are only taxable, for example, if they were "necessary because the transcript was essential for questioning in other depositions to follow, and copies were required very quickly . . . ."  See United States v. Davis, 87 F. Supp. 2d 82, 90 (D.R.I. 2000).

In the instant case, Defendant Wallach failed to establish that the copies of the deposition transcripts were required very quickly.  Thus, although the cost of the deposition transcript itself is taxable, the expedited service is not.  The Court is unable to determine how much of the $602.50 is attributable to expedited fees.  This Court therefore finds that the deposition cost of $602.50 for the expedited transcripts of the Kelly depositions be DENIED WITHOUT PREJUDICE to a resubmission of a request without the expedited fee.

This Court finds that the remainder of the transcripts were necessarily obtained for use in the case.  This Court therefore RECOMMENDS that Defendant Wallach's request for deposition costs be GRANTED IN PART and DENIED IN PART.  The Court RECOMMENDS that the district judge GRANT Defendant Wallach deposition costs in the amount of $5,071.48.

C.   **Photocopying Costs**

Defendant Wallach incurred $491.76 for counsel's in-

9

house copying, and $14.00 for counsel's outside copying. Although Defendant Wallach submitted firm invoices verifying these total amounts, [Exh. 12a. at 15, 34,] he did not submit an affidavit describing specific charges.  Local Rule LR54.2(f)4. states:

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied. . . .

Insofar as Defendant Wallach does not identify what documents were copied, how many copies were made, what the per page charge was, and the use of or intended purpose for the items copied, the Court finds that the firm invoices are insufficient justification of the requested copying costs.  This Court therefore RECOMMENDS that Defendant Wallach's request for copying costs be DENIED WITHOUT PREJUDICE under § 1920, subject to resubmission in compliance with the Local Rules.

### D. **Long Distance Charges**

Defendant Wallach incurred $30.15 in long distance phone calls made by his attorney.  Long distance charges are not included as a taxable cost under § 1920.  This Court therefore RECOMMENDS that Defendant Wallach's request for long distance charges be DENIED under § 1920.

### E. **Summary of Costs under § 1920**

This Court FINDS that, pursuant to 28 U.S.C. § 1920, a

10

total of $5,071.48 in deposition costs is taxable.  The Court therefore RECOMMENDS that Defendant Wallach's request for taxable costs under § 1920 be GRANTED IN PART and DENIED IN PART.  This Court RECOMMENDS the district judge tax $5,071.48 for deposition costs against Plaintiff and in favor of Defendant Wallach and that the district judge DENY Defendant Wallach's request for travel expenses, photocopying costs, and long distance charges under § 1920.

**III. Costs under Hawaii Revised Statutes § 607-9**

Defendant Wallach argues that his travel expenses are compensable under Hawaii Revised Statutes § 607-9.  Certain costs that are not taxable under § 1920 are taxable under § 607-9, which states:

> No other costs of court shall be charged in any court in addition to those prescribed in this chapter in any suit, action, or other proceeding, except as otherwise provided by law.
> All actual disbursements, including but not limited to, **intrastate travel expenses for witnesses and counsel**, expenses for deposition transcript originals and copies, and other incidental expenses, including **copying costs**, **intrastate long distance telephone charges**, and postage, sworn to by an attorney or a party, and deemed reasonable by the court, may be allowed in taxation of costs.  In determining whether and what costs should be taxed, the court may consider the equities of the situation.

Haw. Rev. Stat. § 607-9 (emphases added).

Thus, travel expenses are permitted under § 607-9, however, to the extent that a Bill of Costs seeks an award of

11

taxable costs pursuant to § 1920, state law does not apply.  To obtain non-taxable costs under § 607-9, Defendant Wallach should have filed a separate motion.

Although Defendant Wallach's request for relief was procedurally deficient, this Court realizes the unusual characteristics of this case, which includes claims under both state law and federal maritime law.  To stop the analysis at this point would require Defendant Wallach to file a new motion for relief under the proper state law.  The state law issues would inevitably surface in the future.  Consequently, this Court addresses them now.

### A. **Travel Expenses**

Defendant Wallach's request consists of the following:

| Date | Description | Amount |
|---|---|---|
| 7/25/05 | Aloha Airlines round trip airfares re depositions | $ 165.69 |
| 7/25/05 | Maui Lu Resort one night re depositions | $ 129.97 |
| 8/8/05 | Avis Rental Car re depositions | $ 58.43 |
| 8/16/05 | Aloha Airlines flight change fee, HNL airport parking re depositions | $ 47.00 |
| 9/21/05 | Aloha Airlines flight change fee re deposition | $ 40.00 |
| 9/23/05 | Aloha Airlines round trip airfares re depositions | $ 164.00 |
| 9/23/05 | Cancellation fee Maui Beach Hotel due rescheduling | $ 118.50 |

| | | |
|---|---|---|
| 9/23/05 | Aloha Airlines cancellation fee re deposition | $ 50.00 |
| 9/23/05 | Aloha Airlines round trip airfares re depositions | $ 158.00 |
| 9/27/05 | Honolulu Airport Parking re depositions | $ 10.00 |
| 10/7/05 | Avis Rental Car re deposition | $ 64.06 |
| 10/7/05 | Avis Rental Car re depositions | $ 63.14 |
| 10/20/05 | Aloha Airlines Flight change fee, HNL Airport parking re depositions | $ 24.00 |
| 12/5/05 | Aloha Airlines flight change fee, avis rental car, HNL airport parking | $ 84.87 |
| 12/28/05 | Aloha Airlines round trip airfares re depositions | $ 236.69 |
| 1/24/06 | Aloha Airlines round trip airfares re depositions | $ 158.00 |
| 3/23/06 | Aloha Airlines round trip airfares re depositions | $ 158.20 |
| 6/23/06 | Aloha Airlines round trip airfare re depositions | $ 158.20 |
| 7/24/06 | Aloha Airlines round trip airfare re depositions | $ 134.60 |
| | | **Total: $2,023.35** |

[Exh. 12a. to Thurston Aff. at 37.] Defendant Wallach submitted receipts and invoices substantiating the travel expenses. [Exh. 12a. to Thurston Aff. at 37-58.]

Defendant Wallach has itemized the date of each interisland trip, including airfare, lodging, rental car, and

parking. [Id.]  These travel expenses, while not specifically enumerated in § 607-9, are within the scope of "intrastate travel expenses."  See Buscher v. Boning, 114 Haw. 202, 223-24, 159 P.3d 814, 835-36 (2007) (citing Wong v. Takeuchi, 88 Haw. 46, 54, 961 P.2d 611, 619 (1998)).  Defendant Wallach's supporting documents show that counsel incurred other travel expenses including flight changes and cancellation fees due to rescheduling of depositions.  The Court finds Defendant Wallach's travel expenses to be reasonable.  Pursuant to § 607-9, Defendant Wallach's travel expenses are taxable in full.  This Court therefore RECOMMENDS that Defendant Wallach's request for travel expenses be GRANTED under § 607-9.

    **B.**    **Long Distance Charges**

Section 607-9 lists "intrastate long distance telephone charges" as a taxable cost so long it is deemed reasonable by the court.  See Haw. Rev. Stat. § 607-9.  Defendant Wallach submitted a summary of long distance charges:

| Date | Period | Amount |
|---|---|---|
| 7/8/05 | Period: June 13, 15, 30 2005 | $ 8.84 |
| 8/9/05 | Period: July 12, 18, 19, 21, 26, 27, August 1, 2, 8, 2005 | $14.75 |
| 10/8/05 | Period: Sept. 22 Oct. 3, 4, 2005 | $ 2.21 |
| 11/25/05 | Period: Oct. 26-Nov. 25, 2005 | $ 0.10 |
| 12/25/05 | Period: Nov. 26-Dec. 25, 2005 | $ 0.53 |
| 1/25/06 | Period: Dec. 26-Jan. 25, 2006 | $ 0.77 |
| 2/26/06 | Period: Jan. 27-Feb. 26, 2006 | $ 0.43 |

```
       3/26/06   Period: Feb. 27-Mar. 26, 2006      $ 0.66

       5/26/06   Period: Apr. 27-May 26, 2006       $ 0.88

       7/26/06   Period: June 27-July 26, 2006      $ 0.98
```
                                              **Total: $30.15**

[Exh. 12a to Thurston Aff. at 19.]  Although Defendant Wallach attached supporting documents, [Id. at 19-33,] the Court is unable to identify which supporting documents correspond to the summary of long distance charges.  This Court therefore FINDS that $30.15 in long distance charges is not taxable and RECOMMENDS that the district judge DENY WITHOUT PREJUDICE Defendant Wallach's request for long distance charges.

The Court further notes that the out-of-state long distance charges described in the supporting documents [Exh. 12a. to Thurston Aff. at 20, 21, 22, 23, 25,] are not taxable under § 607-9.

    **C.**   **Summary of Costs under § 607-9**

This Court FINDS that pursuant to § 607-9, a total of $2,023.35 in intrastate travel expenses is taxable.  The Court therefore RECOMMENDS that Plaintiff's Objections to Defendant Wallach's travel expenses be DENIED under § 607-9.  This Court RECOMMENDS that  the district judge GRANT Defendant Wallach's request for $2,023.35 in intrastate travel expenses and DENY Defendant Wallach's request for the $30.15 in long distance charges.

**IV. <u>Summary of Taxable Costs</u>**

This Court FINDS that Defendant Wallach has established that the following costs are taxable:

|  |  |
|---|---|
| Deposition Costs | $5,071.48 |
| Travel Costs | <u>$2,023.35</u> |
|  | **Total: $7,094.83** |

The Court therefore RECOMMENDS that the district judge tax costs against Plaintiff and for Defendant Wallach in the amount of $7,094.83.

## **<u>CONCLUSION</u>**

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Plaintiff's Objections should be GRANTED IN PART and DENIED IN PART. The district judge should grant the Objections to the extent that Defendant Wallach's travel expenses are not taxable under § 1920, but deny the Objections to the extent that they are taxable under § 607-9. Defendant Wallach's request for costs should be GRANTED IN PART and DENIED IN PART. The Court RECOMMENDS that the district judge tax costs against Plaintiff in the amount of $7,094.83.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, July 3, 2008.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**SARAH C. WHITE, ETC. V. CAROL ANN SABATINO, ET AL; CIVIL NO. 04-00500 ACK-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFF'S OBJECTIONS TO DEFENDANT WALLACH'S BILL OF COSTS FILED MARCH 24, 2008**

17