IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| SARAH C. WHITE, ETC., ) | CIVIL NO. 04-00500 ACK-LEK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CAROL ANN SABATINO, ET AL., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**REPORT OF SPECIAL MASTER ON DEFENDANT & CROSS-CLAIMANT RONALD E. WALLACH'S SUPPLEMENTAL SUBMISSION IN SUPPORT OF HIS BILL OF COSTS TO PLAINTIFF, FILED MARCH 7, 2008**

Before the Court, pursuant to a designation by Senior United States District Judge Alan C. Kay, is Defendant/Cross-Claimant Ronald E. Wallach's ("Defendant Wallach") Supplemental Submission in Support of His Bill of Costs to Plaintiff, Filed March 7, 2008 ("Supplemental Request"), filed July 13, 2008. Plaintiff Sarah C. White, individually and as Special Administrator of the Estate of Stefan Bournakel, Deceased, and as Next Friend of Nicos Robert Bournakel, a minor ("Plaintiff") did not file an opposition to the Supplemental Request. The Court, however, assumes that Plaintiff has the same general objections set forth in her objections to Defendant Wallach's March 7, 2008 Bill of Costs. In accord with Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court finds this matter suitable for disposition without a hearing. After reviewing the

Supplemental Request, in conjunction with the parties' prior submissions, the Court FINDS and RECOMMENDS that Defendant Wallach's Supplemental Request should be GRANTED IN PART AND DENIED IN PART.  The Court recommends that the district judge tax costs against Plaintiff in the amount of $559.00.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case.  The Court will therefore only address matters that are relevant to the Supplemental Request.

In his March 7, 2008 Bill of Costs, Defendant Wallach sought, *inter alia*, $5,673.98 for deposition costs, $494.76 for in-house copying costs, and $14.00 for outside copying costs.  On July 3, 2008, this Court issued its Report of Special Master on Plaintiff's Objections to Defendant Wallach's Bill of Costs Filed March 24, 2008 ("Report").  This Court recommended that the district judge grant Defendant Wallach $5,071.48 in deposition costs and deny without prejudice his request for $602.50 for the expedited transcripts of David and Tania Kelly's depositions.  This Court also recommended that the district judge deny without prejudice Defendant Wallach's request for copying costs because he did not provide the supporting information required under Local Rule 54.2(f)4.

**DISCUSSION**

**I.  Deposition Expenses**

The Supplemental Request establishes that $54.00 of the $602.50 request for the Kelly deposition transcripts was for expedited mail delivery of the transcripts. [Supplemental Request, Aff. of Jacqueline E. Thurston ("Thurston Aff."), at ¶ 5 & Exh. 1.] Defendant Wallach therefore requests $548.50 for the Kelly deposition transcripts. [Supplemental Request at 3.] For the reasons stated in the Report, this Court RECOMMENDS that the district judge GRANT the Supplemental Request with regard to Defendant Wallach's deposition costs.

**II.  Copying Costs**

In the Supplemental Request, Defendant Wallach now seeks $505.26 for in-house and outside copying costs, [id.,] representing $494.76 for in-house copying and $10.50 for outside copying. [Thurston Aff. at ¶ 6.] Local Rule 54.2(f)4. provides:

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied.  The practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable.  The cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not allowable.

**A.   In-House Copying**

According to the Supplemental Request, Defendant Wallach's in-house copying costs consist of the following:

```
7/1/05 - 9/30/05      1889 pages at $0.04/page      $ 75.56
10/1/05 - 12/31/05    6718 pages at $0.04/page      $268.72
1/1/06 - 3/31/06      2509 pages at $0.04/page      $100.36
4/1/06 - 6/30/06       978 pages at $0.04/page      $ 39.12
7/1/06 - 8/6/06        275 pages at $0.04/page      $ 11.00
                                          Total     $494.76
```

[Id. at ¶¶ 7-11.]  Defendant Wallach states that:

> the documents copied included, (1) scanning of all pleadings, correspondence and discovery for computer access, use and archiving in case, (2) multiple deposition exhibits and preparation, (3) copies of pleadings to client, (4) copies of all discovery requests and documents to client, (5) exhibits for dispositive motions, and (6) discovery requests/responses to opposing parties. The copies were required for case handling and the preparation of the defense in this matter, including but [not] limited to numerous oral deposition, written discovery responses/requests and motions practice during this period of time.

[Id. at ¶¶ 8-11.[1]]

Pursuant to Local Rule 54.2(f)4., copies of documents for the use and/or convenience of Defendant Wallach and his counsel are not taxable.  Thus, the copies described in categories (1), (3), and (4) are not taxable, but the copies described in categories (5) and (6) are taxable.  Category (2) may be taxable, but the Court cannot make that determination

---

[1] The description of the copying expenses from July 1 to September 30, 2005 is a little different, but it uses similar categories.

based on the information provided.  Further, Defendant Wallach did not provide any information regarding the number of copies made for each category.  The Court therefore RECOMMENDS that the district judge DENY Defendant Wallach's request for in-house copying costs WITHOUT PREJUDICE to the submission of a request that identifies each document copied in each taxable category.  If Defendant Wallach cannot provide this information, he should, at a minimum, provide the number of copies made within each taxable category, and he must provide further information about the documents copied under category (2).

        The Court notes that the Report put Defendant Wallach and his counsel on notice that his Bill of Costs did not comply with the Local Rule and that, if he resubmitted a request for costs, it had to comply with the Local Rules.  Thus, Defendant Wallach and counsel should have included the information this Court now requires within the Supplemental Request.  While the Court will allow them to rectify this error, the Court notes that such repeated submissions are inefficient and a waste of the Court's and the parties' time and resources.  The Court therefore puts Defendant Wallach on notice that, if his next submission does not fully comply with this Court's instructions and the requirements of the applicable Local Rules, the Court will recommend that the district judge deny his request with prejudice.

B.  **Outside Copying**

According to the Supplemental Request, Defendant Wallach incurred $10.50 in outside copying expenses for 126 copies at $0.08/page.  The copies were of documents that Plaintiff produced in response to a request for production of documents.  [Thurston Aff. at ¶ 12, Exh. 2 at 1.]  The Court finds that this request meets the requirements of Local Rule 54.2(f)4., and therefore RECOMMENDS that the district judge GRANT Defendant Wallach's Supplemental Request with regard to his outside copying costs.

## CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Defendant Wallach's Supplemental Request, filed July 13, 2008, be GRANTED IN PART AND DENIED IN PART.  The Court recommends that the district judge tax costs against Plaintiff in the amount of $559.00.  The Court further recommends that the district judge DENY Defendant Wallach's request for in-house copying WITHOUT PREJUDICE, subject to resubmission of a request that is in full compliance with the Local Rules and this Court's instructions.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, August 12, 2008.



       /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**SARAH C. WHITE, ETC. V. CAROL ANN SABATINO, ET AL.; CV 04-00500 ACK-LEK; REPORT OF SPECIAL MASTER ON DEFENDANT & CROSS-CLAIMANT RONALD E. WALLACH'S SUPPLEMENTAL SUBMISSION IN SUPPORT OF HIS BILL OF COSTS TO PLAINTIFF, FILED MARCH 7, 2008**